**Bradley T. KENDRICK and Hendrick Medical Center, Appellants,**

v.

**Maria GARCIA, as Administratrix of the Estate of Edward A. Martinez, Appellee.**

**No. 11–04–00192–CV.**

Court of Appeals of Texas, Eastland.

Aug. 18, 2005.

Rehearing Overruled Oct. 6, 2005.

Devon J. Singh, Diana L. Faust, R. Brent Cooper, Cooper & Scully, P.C., Dallas, John E. Spalding, Lauren Beck Harris, Johnson, Spalding, Doyle, West & Trent, L.L.P., Houston, for appellants.

Jeffrey B. Galbreath, Tami Ratliff Morris, Galbreath & Morris, P.C., Rick Dunbar, Abilene, for appellee.

Panel consists of: WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

This appeal involves some of the recent changes made to the expert report requirements for health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon 2005). Appellee, Maria Garcia, as Administratrix of the Estate of Edward A. Martinez, filed a medical malpractice claim against appellants, Dr. Bradley T. Kendrick (Dr. Kendrick) and Hendrick Medical Center (HMC), on January 21, 2004. Since the claim was filed after September 1, 2003, the provisions of Section 74.351 apply to appellee's lawsuit. Section 74.351(a) requires a claimant in a health care liability claim to "*serve* on each party or the party's attorney one or more expert reports" not later than the 120th day after the date the claim is filed. (Emphasis added) Appellants filed motions on May 25, 2004, and June 4, 2004, seeking the dismissal of appellee's claims on the basis that she had not served them with expert reports within 120 days of filing suit as required by Section 74.351(a). *See* Section 74.351(b). Appellants challenge the trial court's denial of their motions to dismiss in this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Vernon Supp.2004–2005). We reverse and render an order of dismissal.

*Underlying Facts*

Appellee filed the reports and curriculum vitaes of two experts with the district clerk's office on March 26, 2004, and April 8, 2004.[1] Appellee did not serve appellants with a copy of these documents at the time of filing as required by TEX.R.CIV.P. 21. After appellants filed their motions to dis-

---

1. This appeal does not involve any issues challenging the sufficiency of the reports or the qualifications of the experts.

miss, appellee's counsel filed a "certificate of service" for the documents wherein counsel alleged that the two expert reports and curriculum vitaes were served on appellants on April 12, 2004, "in accordance with the Texas Rules of Civil Procedure, Rule 21a and in compliance with Tex. Civ. Prac. Rem.Code § 74.351." *See* TEX. R.CIV.P. 21a.

Appellee's counsel detailed the manner in which she provided appellants with a copy of the reports on April 12, 2004, in an affidavit attached to appellee's reply to the motions to dismiss. With respect to Dr. Kendrick, counsel alleged that she placed a copy of the reports in a box located in the district clerk's office that is assigned to the law firm that represented Dr. Kendrick at trial. Counsel also stated that she mailed a copy of the reports to HMC's attorney of record via first class U.S. mail. Appellants' attorneys of record denied receiving the documents at any time prior to the expiration of the 120–day deadline. They contend that they first received a copy of the documents when appellee's counsel faxed a copy to them on May 27, 2004.[2]

After conducting a brief hearing on the motions to dismiss, the trial court issued a letter ruling announcing its decision to deny the motions. The letter detailed the reasons why the trial court denied the motions. The trial court stated in the letter that appellee "attempted in good faith to notify [appellants]" about the expert reports. With respect to HMC, the trial court stated that appellee complied with Section 74.351. The trial court noted in this regard that HMC did not rebut the allegation that the documents were mailed to its attorney of record on April 12, 2004. With respect to Dr. Kendrick, the trial court stated as follows:

[T]he Court finds that [appellee] has made a good faith effort to comply with [Section] 74.351 by filing said report and vitae on April 8, 2004, and by placing said report and vitae in the attorney's box located in the District Clerk's office. While [appellee's] efforts may not be technically correct or advisable, I believe that the spirit of [Section] 74.351 has been complied with. The Court does not find that placing an expert report and vitae in a box located in the Clerk's office is service under [TEX.R.CIV.P.] 21a. Therefore, [Dr. Kendrick's] Motion to Dismiss for failing to comply with [Section] 74.351 is denied.

After directing appellee's counsel to prepare an order denying the motions to dismiss, the letter concluded with the following sentence: "This letter will be in the file should any higher authority wish to review the Court's reasoning."

### The Effect of the Trial Court's Letter Ruling

█ As a preliminary matter, we must determine the effect, if any, of the trial court's letter ruling. Appellants have essentially treated the letter as the trial court's findings of fact and conclusions of law. This treatment of the letter is not unreasonable given the trial court's statement of its intent for appellate courts to rely on the letter. However, there is some authority which holds that a letter ruling issued prior to the entry of the trial court's order is not competent evidence of the basis for the trial court's judgment. *Cherokee Water Company v. Gregg County Appraisal District,* 801 S.W.2d 872, 878 (Tex. 1990). The trial court in *Cherokee Water* entered findings of fact and conclusions of law after the entry of judgment. The Supreme Court rejected an attempt to alter the trial court's findings of fact and

---

2. Dr. Kendrick filed the first motion to dis-    miss on May 25, 2004.

conclusions of law with a statement contained in a letter ruling issued prior to the entry of judgment.

The holding in *Cherokee Water* is distinguishable on two grounds. The trial court in this appeal did not enter formal findings of fact and conclusions of law which appellants are attempting to alter with the trial court's letter ruling.[3] Additionally, the trial court's statement that it intended for appellate courts to rely on the letter ruling as the basis for its decision is a significant factor. In compliance with the trial court's expressed purpose for the letter, we treat it as competent evidence of the trial court's basis for overruling appellants' motions to dismiss.

### Issues on Appeal

Dr. Kendrick raises two issues on appeal. He alleges in the first issue that the trial court abused its discretion by denying his motion to dismiss brought under Section 74.351. Dr. Kendrick's second issue challenges the trial court's reliance on Garcia's "good faith effort" to comply with Section 74.351. HMC raises one issue on appeal that encompasses both of the issues raised by Dr. Kendrick.

### Standard of Review

The parties have asserted that the trial court's ruling should be reviewed under an abuse of discretion standard. The Supreme Court held in *American Transitional Care Centers of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex.2001), that expert report determinations made under the former statute are reviewed for abuse of discretion. *See Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003). The Supreme Court based its determination in *Palacios* on "the plain language" of the former statute. Specifically, the Supreme Court referenced language in the former statute which vested the trial court with discretion wherein it required the court to dismiss the action if "it appears to the court … that the report does not represent a good faith effort to comply with the definition of an expert report." *American Transitional Care Centers of Texas, Inc. v. Palacios, supra* at 877. The court also referenced the former statute's declaration that an order of dismissal constituted a sanction and that sanctions are generally reviewed under an abuse of discretion standard. *American Transitional Care Centers of Texas, Inc. v. Palacios, supra* at 878.

In adopting Section 74.351, the legislature omitted the wording of the former statute upon which the Supreme Court relied in *Palacios*.[4] Two commentators have suggested the possibility that the abuse of discretion standard is no longer applicable as a result of this omission. *See* George C. Hanks, Jr. and Rachel Polinger–Hyman, *"Redefining the Battlefield,"* 67 TEX. B.J. 936, 943 (2004). However, absent authority to the contrary, we will

---

**3.** There is authority holding that findings of fact and conclusions of law were not required under TEX.REV.CIV.STAT. art. 4590i, § 13.01 (2003), the predecessor statute to Section 74.351. *See Mocega v. Bradford Urquhart, M.D.,* 79 S.W.3d 61, 63–64 (Tex.App.-Houston [14th Dist.] 2002, pet'n den'd). The court in *Mocega* reasoned that a dismissal under the former statute constituted a sanction and that findings of fact and conclusions of law are not required in a sanctions dismissal. *See IKB Industries v. Pro–Line Corpora-*

tion, 938 S.W.2d 440, 442–43 (Tex.1997). Unlike the predecessor statute, Section 74.351 no longer provides that a dismissal for expert report deficiencies constitutes a sanction. We note without deciding the possibility that findings of fact and conclusions of law may now be required upon a timely request for them in a dismissal proceeding brought under Section 74.351.

**4.** *See* Footnote No. 3.

utilize the abuse of discretion standard to review the trial court's decision to deny the motions to dismiss under Section 74.351.

A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. den'd,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Nor may a reviewing court set aside the trial court's determination unless it is clear from the record that the trial court could only reach one decision. *Walker v. Packer, supra* at 840. On the other hand, our review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker v. Packer, supra* at 840. A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker v. Packer, supra* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker v. Packer, supra* at 840.

### Construction of Section 74.351

The resolution of this appeal hinges on the interpretation of two aspects of the new statute. The first element of Section 74.351 under consideration involves a construction of the terms "serve" and "served." The second element to be interpreted is whether an unsuccessful effort to serve an expert report can be excused if it is made in good faith. It appears that both of these issues are matters of first impression.

In construing a statute, our primary objective is to determine and give effect to the legislature's intent. *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003); *Texas Department of Transportation v. Needham,* 82 S.W.3d 314, 318 (Tex.2002). We start with the plain and common meaning of the statute's words. *McIntyre v. Ramirez, supra* at 745; *State ex rel. State Department of Highways and Public Transportation v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002). If the statutory language is unambiguous, we will interpret the statute according to its plain meaning. *McIntyre v. Ramirez, supra* at 745; *State ex rel. State Department of Highways and Public Transportation v. Gonzalez, supra* at 327. However, we will not give an undefined statutory term a meaning that is out of harmony or inconsistent with other provisions in the statute. *See McIntyre v. Ramirez, supra* at 745; *Texas Department of Transportation v. Needham, supra* at 318. We may consider other matters in ascertaining the legislature's intent, including the objective of the law, the legislative history, and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023(1), (3), & (5) (Vernon 2005); *McIntyre v. Ramirez, supra* at 745; *Union Bankers Insurance Company v. Shelton,* 889 S.W.2d 278, 280 (Tex.1994). Finally, because statutory construction is a question of law, we review the trial court's construction de novo. *McIntyre v. Ramirez, supra* at 745; *State ex rel. State Department of Highways and Public Transportation v. Gonzalez, supra* at 327.

### "Serve" and "Served"

■ Appellants contend that "serve" and "served" as used in the statute are synonymous with service under Rule 21a. We agree with this contention. While several terms used in Section 74.351 are defined, "serve" and "served" are not. *See* TEX. CIV. PRAC. & REM. CODE ANN.

§ 74.001(a) (Vernon 2005). TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(b) (Vernon 2005) provides that undefined terms are to be interpreted as having "such meaning as is consistent with the common law." This provision essentially restates the rule of statutory construction that terms in a statute are to be given their plain meaning.

By its express terms, Section 74.351 applies to health care liability claims. Thus, the statute applies to actively litigated causes of action that are subject to the Rules of Civil Procedure. Rule 21a specifies the method by which litigation documents may be served in compliance with the Rules. Accordingly, "serve" and "served" have distinct legal meanings under the Rules. Given the applicability of the Rules of Civil Procedure to health care liability claims and the use of "serve" and "served" in the statute, we conclude that the legislature intended that a claimant comply with Rule 21a in order to fulfill the requirements of Section 74.351.

### Service on HMC

▮▮ The trial court determined that appellee satisfied the service requirements of Section 74.351 with respect to HMC. This determination constituted an abuse of discretion. Rule 21a provides that service may be accomplished by one of the following methods: (1) physical delivery in person, by agent, or by courier-receipted delivery; (2) certified or registered mail; (3) telephonic document transfer; or (4) such other manner as the trial court in its discretion may direct. While appellee's counsel alleged that she mailed a copy of the documents to HMC's attorney, she did not

do so by either certified or registered mail as required by Rule 21a. Notice by regular mail is not an authorized method of service under Rule 21a. *Pessel v. Jenkins,* 125 S.W.3d 807, 810 (Tex.App.-Texarkana 2004, no pet'n). Accordingly, appellee did not serve HMC with the documents within the 120–day period as required by Section 74.351.

▮▮ The trial court based its determination that appellee timely served HMC upon its ruling that HMC did not rebut appellee's allegation that the documents were mailed to HMC's attorney by regular mail on April 12, 2004. Rule 21a provides that a presumption of receipt arises from the certificate of service required by the rule. However, the certificate of service filed by appellee's counsel did not raise a presumption of receipt because it was not contemporaneously executed "on the filed instrument" as required by Rule 21a. *See Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex.2005). Furthermore, appellee did not use one of the methods of service authorized by Rule 21a. As noted recently by the supreme court, "notice *properly* sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood, supra* at 745. (Emphasis added) Accordingly, there was no presumption of receipt that HMC needed to rebut. HMC's sole issue on appeal is sustained.

### No Good Faith Exception

▮▮ The trial court determined that the action of appellee's counsel in placing a copy of the documents in Dr. Kendrick's trial counsel's box in the district clerk's office did not constitute service under Section 74.351.[5] However, the trial court did

---

5. Appellee argues on appeal that her counsel's act of placing a copy of the documents in Dr. Kendrick's attorney's box located in the district clerk's office constituted service under local practice and custom. Appellee supports

this contention with affidavits from several attorneys regarding their understanding of the purpose of these boxes located in the district clerk's office. We agree with the trial court's rejection of this contention. The rec-

not dismiss the claims against Dr. Kendrick because it determined that appellee made a good faith effort to comply with the statute's requirements. The former statute contained an exception for the failure to timely furnish an expert report if the failure "was not intentional or the result of conscious indifference but was the result of an accident or mistake." *See* TEX.REV.CIV.STAT. art. 4590i, § 13.01(g) (2003). The legislature has amended the expert report requirements by omitting the "accident or mistake" exception in Section 74.351. By amending the expert report requirements, the legislature has indicated that it "intended to change the original act by creating a new right or withdrawing an old one." *American Honda Motor Co., Inc. v. Texas Department of Transportation–Motor Vehicle Division*, 47 S.W.3d 614, 621 (Tex.App.-Austin 2001, pet'n den'd). In this instance, the legislature has withdrawn the "accident or mistake" exception which a claimant could previously assert when failing to timely furnish an expert report. As a result of the omission of the "accident or mistake" exception in Section 74.351, we conclude that the new statute precludes the existence of a good faith exception to the requirement of timely serving expert reports. Accordingly, the trial court abused its discretion by denying Dr. Kendrick's motion to dismiss on the basis of appellee's good faith effort to comply with the service requirements of Section 74.351. Dr. Kendrick's first and second issues are sustained.

### This Court's Ruling

The trial court's order denying Bradley T. Kendrick's and Hendrick Medical Center's motions to dismiss is reversed.

ord does not reflect that this practice has been established as an authorized method for service by either local rule or an order en-

Judgment is rendered in favor of Dr. Kendrick and Hendrick Medical Center on their motions to dismiss the claims of Maria Garcia, as Administratrix of the Estate of Edward A. Martinez.

tered in the underlying proceeding. *See* TEX. R.CIV.P. 3a & 21a.