Opinion filed January 19, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed January 19, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00263-CV 

 

                                                    __________

 

                                  TERRY LEE EVANS, APPELLANT

 

                                                             V.

 

                                      J.
SCOTT SMITH, APPELLEE

 



 

                                        On
Appeal form the 142nd District Court

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. CV-44,262

 



 

                                             M
E M O R A N D U M  O P I N I O N

This is a medical malpractice action.  The trial court dismissed appellant=s suit for failing to serve an adequate
expert report.  We find no abuse of
discretion and affirm.

                                                               Background
Facts








Appellant sued Dr. J. Scott Smith on August 29,
2003, for medical malpractice.  Appellant
attempted to meet the requirements of Tex.
Rev. Civ. Stat. art. 4590i, '13.01
(2003)[1]
by serving an expert report on December 1, 2003.  That report did not include a copy of his
expert=s
C.V.  Appellee filed a motion to dismiss
on June 24, 2004.  Appellee complained of
the lack of a C.V. and also contended that the report was inadequate because it
failed to include all of the elements required by Section 13.01(d), such as the
standard of care, how Dr. Smith failed to meet that standard, and the causal
relationship between Dr. Smith=s
breach and appellant=s
injuries.  The trial court set a hearing
for July 12.  Immediately prior to that
hearing, appellant provided a copy of his expert=s
C.V. and filed a written response which included a request for a thirty-day
grace period.  The trial court granted
appellee=s motion
to dismiss, denied appellant=s
request for a thirty-day grace period, and denied appellee=s request for attorney=s fees.

                                                                         Issues

Appellant challenges the trial court=s dismissal with two issues.  First, appellant contends the standard of
review should be either an abuse of discretion with limited deference to the
trial court or de novo.  Secondly,
appellant contends that the trial court abused its discretion by denying him a
thirty-day extension pursuant to Section 13.01(g) to file a statutorily
acceptable report.

                                                              Standard
of Review

The standard of review for a decision to grant or
deny an extension under Section 13.01(g) is well settled.  In Walker v. Gutierrez, 111 S.W.3d 56,
62 (Tex. 2003), the supreme court held that such decisions are reviewed under
an abuse of discretion standard.  A trial
court abuses its discretion if it acts in an arbitrary or unreasonable manner
without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).  When reviewing matters committed
to the trial court=s
discretion, a court of appeals may not substitute its own judgment for that of
the trial court.  Flores v. Fourth
Court of Appeals, 777 S.W.2d 38, 41-42 (Tex. 1989).  The mere fact that a trial judge may decide a
matter within his discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Downer,
701 S.W.2d at 241-42.  

The standard of review is less deferential when
the trial court makes legal determinations. 
A trial court has no discretion in determining what the law is or
applying the law to the facts.  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion.  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)(orig. proceeding).








Appellant=s
request that we depart from these principles is denied.  The first issue is overruled.

                                        Appellant=s Request for a Thirty-Day Extension

Article 4590i, section 13.01(d)  required claimants to furnish an expert
report within 180 days after the claim was filed.  Article 4590i included three provisions for
obtaining an extension of time.  Section
13.01(h) allowed the parties to extend the deadline with a written agreement
filed with the court.  No such agreement
was made in this case.  Section 13.01(f)
allowed trial courts, Afor
good cause shown after motion and hearing,@
to extend Section 13.01(d)=s
deadline for an additional thirty days. 
This provision is inapplicable because it can only extend the deadline
to 210 days from the initiation of suit. 
Knie v. Piskun, 23 S.W.3d 455, 462 (Tex. App.CAmarillo 2000, pet. denied).  Appellant filed suit on September 29,
2003.  The trial court=s hearing was on July 12, 2004, well
after the 210-day period had expired. 
The trial court, therefore, had no authority under Section 13.01(f) to
extend the deadline.

The remaining provision is Section 13.01(g), which
provides:

Notwithstanding any other provision of this
section, if a claimant has failed to comply with a deadline established by
Subsection (d) of this section and after hearing the court finds that the
failure of the claimant or the claimant=s
attorney was not intentional or the result of conscious indifference but was
the result of an accident or mistake, the court shall grant a grace period of 30
days to permit the claimant to comply with that subsection.  A motion by a claimant for relief under this
subsection shall be considered timely if it is filed before any hearing on a
motion by a defendant under Subsection (e) of this section.  

 

Appellant  requested a
thirty-day extension pursuant to this provision based upon his counsel=s mistake of law.  Specifically, appellant contended that his
counsel believed the proffered report was adequate and that, if the trial court
found otherwise, the failure was neither intentional nor the result of
conscious indifference, but was due to accident or mistake.  Appellant=s
request was supported by his attorney=s
affidavit which stated that counsel was inexperienced in medical malpractice
actions, that he thought the report satisfied Article 4590i, and that it did
not occur to him that the statute might require more information than provided.  








The trial court sent both counsel a letter
following the hearing.  In that letter,
the trial court indicated appellant=s
report failed to satisfy the statutory requirements concerning the applicable standard
of care and the alleged breach of that standard.  The trial court=s
letter provided further: AThe
case is now outside the 180 day period of time set forth in Sec. 13.01(d) of
Art. 4590i.  Therefore, the provisions
for a grace period under Sec. 13.01(g) of Art. 4590i are no longer available.@ 
The trial court later signed an order which, in relevant part, provided:
AThe Court herein DENIES Plaintiff=s motion for a grace period pursuant to
Section 13.01(g).@  The trial court did not articulate the basis
for its decision in the order, and no findings of fact or conclusions of law
were requested or prepared.

Appellant does not challenge the trial court=s finding that his report was
inadequate.  Instead, he argues that the
trial court abused its discretion by not providing him with a thirty-day
extension to file a second report.  The
reasons upon which appellant relies are not entirely clear.  His discussion of the appropriate standard of
review includes argument that the trial court erred by holding that a Section
13.01(g) request must be made within 210 days of the filing of the suit.  His issue specifically addressing the merits
of the trial court=s ruling
is based upon his accident or mistake argument. 
In the interest of fairness, we will measure the trial court=s ruling against both contentions.

Appellant is correct that trial courts have the
authority to grant a thirty-day extension pursuant to Section 13.01(g) for more
than 210 days after the suit is filed.  Roberts
v. Med. City Dallas Hosp. Inc., 988 S.W.2d 398, 402 (Tex. App.CTexarkana 1999, pet. denied).  In its letter, the trial court=s statement otherwise is
incorrect.  Appellee argues that the
trial court=s
statement is immaterial because the letter is not a final judgment and,
therefore, from it appellant cannot appeal. 
Appellant is not attempting, however, to appeal from the trial court=s letter but, rather, to use it as
evidence of the basis for the trial court=s
ruling.  The letter may not be used for
that purpose.  Cherokee Water Co. v.
Gregg County Appraisal Dist., 801 S.W.2d 872, 878 (Tex. 1990).  It is not a finding of fact, nor is it a
conclusion of law.[2]  We must, therefore, rely on the language of
the trial court=s order
and determine from a review of the record if the trial court abused its
discretion by denying appellant a thirty-day extension.  See Davis v. Huey, 571 S.W.2d 859, 862
(Tex. 1978)(trial court order will be upheld on any applicable theory supported
by the record).








Appellant points us to Walker v. Gutierrez,
111 S.W.3d at 63-65, for his contention that a Section 13.01(g) extension can
be granted for a mistake of law.  In Walker,
the supreme court comprehensively reviewed intermediate court decisions on
Section 13.01(g) extensions, finding that some courts were erroneously holding
any mistake of law was sufficient to support an extension while others were
impermissibly applying a standard that precluded an extension because of a
mistake of law.  Id. at
63-64.  According to the supreme court,
someBbut not
allBmistakes of law may negate a finding of
intentional conduct or conscious indifference and, therefore, support an
extension.  The distinction turns on the
knowledge and acts of the claimant.  Id.
at 64. 

In Walker and in this case, the alleged
mistake of law was the claimant=s
attorney=s belief
that his expert report was sufficient. 
In both cases, the expert reports failed to disclose the standard of
care and how this standard was breached. 
In Walker, the supreme court found that an attorney=s belief that his expert=s report was sufficient, despite clear
statutory requirements to the contrary, Adoes
not establish a >sufficient
excuse=
necessary to support a finding that a party made a mistake of law.@ 
Id. at 64-65.  This follows
because a medical malpractice claimant, even if proceeding pro se, is charged
with knowledge of Article 4590i and its requirements.  Id.

Appellant was charged with notice that Article
4590i required an expert report which included information on the standard of
care and how that standard was breached. 
His report contained neither. 
Because appellant is charged with knowledge of the statute, his
erroneous belief that a report without this essential information satisfied
Article 4590i cannot as a matter of law justify an extension under Section 13.01(g).  The trial court, therefore, did not abuse its
discretion by denying the request for extension.  The second issue is overruled. 

                                                                     Conclusion

The trial court=s
judgment is affirmed.

 

 

RICK STRANGE

JUSTICE

 

January 19, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Although applicable to this case, Article 4590i was
repealed effective September 1, 2003; and the subject matter is now governed by
Tex. Civ. Prac. & Rem. Code Ann. ' 74.351 (Vernon Supp. 2005).





[2]We recognize that in Kendrick v. Garcia, 171
S.W.3d 698 (Tex. App.C Eastland 2005, pet. filed), we treated a trial court=s letter as competent evidence of the basis for its
ruling.  In that case, however, the trial
court=s letter included the following statement: AThis letter will be in the file should any higher
authority wish to review the Court=s
reasoning.@  Id. at
701.  No such intent was expressed
here.  Moreover, in Kendrick we
specifically cited Cherokee Water for the same proposition applied
today.