In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-198 CV


____________________



CINDY ROE ANGLIN, Appellant



V.



ROY R. MARRERO, JR., M.D., Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-173,693






 MEMORANDUM OPINION 


 This appeal arises from a medical malpractice suit against an emergency room doctor. 
The trial court dismissed the lawsuit because the appellant failed to produce an expert's
report as required by statute. We affirm.

Background


 After Cindy Roe Anglin sued Dr. Roy R. Marrero, Jr. for allegedly misdiagnosing a
lung condition when he treated her in an emergency room, Marrero filed a motion to dismiss
Anglin's lawsuit. Marrero asserted that Anglin failed to produce an expert report within 120
days of filing suit as required by statute. Initially, the trial court denied Marrero's motion to
dismiss and granted Anglin a thirty-day extension to file a statutorily sufficient expert report. 
Later, Marrero asked the trial court to reconsider its ruling on his motion to dismiss. Marrero
argued that Anglin's production of "medical records" did not satisfy the expert-report
requirement. On reconsideration, the trial court agreed with Marrero, vacated its extension
order, and dismissed Anglin's suit with prejudice. 

 Anglin brings three issues on appeal. We interpret them collectively as a complaint
that the trial court erred by granting Marrero's motion to dismiss. (1) 

Applicable Statutes


 Section 74.351 of the Texas Civil Practice and Remedies Code contains the expert
report requirements applicable to health care liability suits. Tex. Civ. Prac. & Rem. Code
Ann. § 74.351 (Vernon Supp. 2005). Our review involves subsections (a) and (r)(6). 
Subsection (a) mandates the statute's filing requirements for expert reports. At the time
Anglin sued Marrero, the following version was in effect:

 (a) In a health care liability claim, a claimant shall, not later than the 120th day
after the date the claim was filed, serve on each party or the party's attorney
one or more expert reports, with a curriculum vitae of each expert listed in the
report for each physician or health care provider against whom a liability claim
is asserted. The date for serving the report may be extended by written
agreement of the affected parties. Each defendant physician or health care
provider whose conduct is implicated in a report must file and serve any
objection to the sufficiency of the report not later than the 21st day after the
date it was served, failing which all objections are waived.


 See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875
(amended 2005) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon
Supp. 2005)). (2)

 At the time Anglin filed suit, subsection (r)(6), which defines "Expert report," 
provided:

 "Expert report" means a written report by an expert that provides a fair
summary of the expert's opinions as of the date of the report regarding
applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards, and the causal
relationship between that failure and the injury, harm, or damages claimed.


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (Vernon Supp. 2005). 



Standard of Review


 In 2001, the Texas Supreme Court determined that appellate courts should use the
"abuse of discretion" standard when reviewing dismissals under article 4590i, the
predecessor to Texas Civil Practice and Remedies Code section 74.351. See American
Transitional Care Ctrs. of Texas, Inc. v. Palacios, 46 S.W.3d 873, 878-79 (Tex. 2001). 
While some commentators (3)
 have questioned the standard's continued viability under the new
statute, several of our sister courts have applied the "abuse of discretion" standard to
dismissals under section 74.351. See Gray v. CHCA Bayshore L.P., 2006 WL 181387, *3
(Tex. App.- Houston [1st Dist.] 2006, no pet. h.); Kendrick v. Garcia, 171 S.W.3d 698, 702-03 (Tex. App.- Eastland 2005, pet. filed); Group v. Vicento, 164 S.W.3d 724, 727 (Tex.
App.- Houston [14th Dist.] 2005, pet. filed). 

 However, the standard of review is not determinative of the outcome here. As
explained below, Anglin simply failed to file an expert report at all, though the statute
required her to do so.

 In Giddens v. Brooks, we decided that filing medical records did not comply with the
previous statute's requirement that a plaintiff file an expert's report. Giddens v. Brooks, 92
S.W.3d 878, 880 (Tex. App.- Beaumont 2002, pet. denied). The statutory definition of an
"expert report" in effect for Anglin's suit is identical to the statutory definition we applied
in Giddens. Compare Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (Vernon Supp.
2005) with Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 987,
repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847,
884. (4)
 Both the old and new statutes require an expert report to provide a fair summary of
the expert's opinions about: (1) applicable standards of care; (2) how the care failed to meet
those standards; and (3) the causal connection between the failures and the injuries or
damages claimed by the plaintiff. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6); 
Act of May 5, 1995, 1995 Tex. Gen. Laws at 987 (repealed 2003). 

 What Anglin produced was not an expert report. Instead, she provided eleven pages
of her medical records. These documents merely report Anglin's medical treatment; they
show that Anglin had several appointments with doctors, other than Marrero, after her
emergency room care and that radiologists performed various studies of her chest. The
records do not explain the standard of care required of emergency room physicians, the
manner in which Marrero's care failed to meet the standard, or any causal relationship
between Marrero's alleged acts and omissions and Anglin's alleged injury. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(r)(6). An expert's report must contain the statutorily
required elements "within its four corners." Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48,
53 (Tex. 2002) (interpreting Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6)). As a
matter of law, the documents that Anglin filed do not satisfy section 74.351(r)(6)'s
requirements. Therefore, the trial court did not err in dismissing Anglin's suit. 

 Anglin also argues that the trial court improperly withdrew its order granting her a
thirty-day extension. However, the trial court retains continuing control over interlocutory
orders and may change or withdraw those orders any time before entering a final judgment. 
See In re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 831 (Tex.
2005) (citing Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993)). Here, the trial
court correctly withdrew its order granting Anglin a thirty-day extension to file the required
report. A court may grant an extension to file an expert report in a health care liability case
only when the claimant timely files an expert report and the trial court finds the report is
deficient. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c). Anglin filed no report, not
a deficient one. We find the trial court did not err in withdrawing its extension order.

 Anglin further argues Marrero's counsel induced her to refrain from complying with
the expert report requirement and that her "substantial rights were violated." Because the
appellate record does not show that Anglin presented these arguments to the trial court, they
are waived. See Tex. R. App. P. 33.1(a).

 We overrule all three of Anglin's issues and affirm the trial court's judgment.

 AFFIRMED.




 ___________________________

 HOLLIS HORTON

 Justice


Submitted on December 22, 2005

Opinion Delivered March 16, 2006

Before Gaultney, Kreger, and Horton, JJ.
1. Anglin's issues allege as follows:


 Issue 1: The dismissal is unsupported.

 

 Issue 2: The Trial Court should not have dismissed [Appellant's suit] due to failure
to file expert report; all Medical Records and Medical Report were
already filed and accepted by Defendant . . . on the 12th day of December
2003 . . . .

 

 Issue 3: Trial Court should have rendered Judgment in plaintiff's favor. 
2. In 2005, the legislature amended subsection (a) by substituting the phrase "original petition" for the
word "claim" in the first sentence of the subsection. See Act of May 18, 2005, 79th Leg., R.S., ch. 635, 2005
Tex. Gen. Laws 1590.
3. Some commentators question whether "abuse of discretion" remains the appropriate standard of
review after the legislature amended section 74.351. See George C. Hanks, Jr. & Rachel Polinger-Hyman,
Redefining the Battlefield: Expert Reports in Medical Malpractice Litigation After HB 4, 67 Tex. B. J.
936, 943 (2004). They explain:


 Section 74.351(b)'s deletion of the word "sanction" in describing the court's mandatory
order dismissing the case for failure to file the report may affect the court's analysis in
using this standard of review. In Palacios, one of the three reasons the court pointed out
that the language of former Section 13.01 mandated the adoption of the abuse of discretion
standard was the inclusion of the word "sanction." The court noted that sanctions are
typically reviewed under this standard. With this word removed, an argument could be
made that under Section 74.351, another, more rigorous, standard should be applied to the
trial court's determination in order to preserve the legislative balance between the
elimination of frivolous suits and a litigant's right to have a trial on the merits regarding
his or her claim.

Id.

4. Section 74.351(r)(6) of the Texas Civil Practice and Remedies Code and article 4590i, section
13.01, subsection (r)(6) both define "Expert report" as "a written report by an expert that provides a fair
summary of the expert's opinions as of the date of the report regarding applicable standards of care, the
manner in which the care rendered by the physician or health care provider failed to meet the standards, and
the causal relationship between that failure and the injury, harm, or damages claimed." Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(r)(6) (Vernon Supp. 2005); Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1,
1995 Tex. Gen. Laws 985, 987 (repealed 2003).