In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-067 CV


____________________



SANTOS M. SOBERON, M.D., Appellant



V.



LEE ANNA ROBINSON, Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-175,779






MEMORANDUM OPINION


 Appellant Santos M. Soberon, M.D. brings this accelerated interlocutory appeal to
challenge the trial court's denial of his motion to dismiss appellee Lee Anna Robinson's
health care liability claim for failure to timely serve an expert report. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(9) (Vernon Supp. 2005). Soberon contends the trial court's
refusal to dismiss the case with prejudice was an abuse of discretion. See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(b) (Vernon Supp. 2005). Robinson asserts this court is without
jurisdiction to consider Soberon's appeal. We hold jurisdiction in this case is proper and
agree with Soberon that the trial court abused its discretion and, therefore, reverse and render
an order of dismissal with prejudice to the refiling of Robinson's health care liability claim.

 Robinson filed the underlying health care liability claim on August 29, 2005. On
December 27, 2005, Robinson filed a motion for leave to extend time to file an expert report
asserting she made diligent efforts to obtain the medical expert's report. (1) Robinson filed the
expert report in the trial court on December 28, 2005, 121 days after she filed the health care
liability claim. Soberon filed a motion to dismiss Robinson's lawsuit with prejudice pursuant
to section 74.351(b) of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(b). Soberon asserted Robinson was not entitled to an extension
of time under section 74.351 because no report was timely served. 

 At the oral hearing on Soberon's motion to dismiss, Robinson argued to the trial court
she had good cause for not timely serving the expert report. Robinson further argued the trial
court had discretion to extend the deadline to serve the expert report if she could show the
report was not timely filed due to accident and she made a good faith effort to serve the
report. Soberon countered that Robinson erroneously relied on former Article 4590i,
repealed prior to the filing of this health care liability claim, and section 74.351 of the Texas
Civil Practice and Remedies Code does not allow the trial court to extend the deadline to
serve expert reports based on mistake or accident. The trial court entered two orders in this
case - one order dated February 8, 2006, granting Robinson's motion for leave to extend time
to serve expert report and denying Soberon's motion to dismiss, and a second order dated
February 9, 2006, denying Soberon's motion to dismiss. 

 As a threshold matter, Robinson argues Soberon is precluded from prosecuting this
appeal because an appeal may not be taken from an order granting an extension under section
74.351. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). The resolution of this
complaint comes from the simple fact that Soberon's appeal is from the trial court's order
dated February 9, 2006, which only ruled on Soberon's motion to dismiss. The record does
not indicate any attempt to appeal the trial court's February 8, 2006, order which, inter alia,
granted Robinson's request for an extension to file her expert report. As such, Soberon has
properly invoked our jurisdiction. See id. Nevertheless, because the question of dismissal
of Robinson's suit with prejudice pursuant to section 74.351(b) is subject to the applicability
of the provisions of section 74.351(c), our resolution of this appeal requires a determination
of whether the trial court was authorized to grant Robinson's requested relief under section
74.351(c). See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b), (c) (Vernon Supp. 2005). As the original petition was filed in this cause on August 29, 2005, Robinson was
required to serve her expert report no later than December 27, 2005, the 120th day after she
filed the health care liability claim. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)
(Vernon Supp. 2005). (2)
 Section 74.351 allows an extension of time to timely furnish an
expert report in only two instances: (1) by written agreement of the affected parties or (2) if
the claimant files a deficient report no later than 120 days of filing the health care liability
claim. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (c); see also Thoyakulathu v.
Brennan, No. 06-05-00070-CV, 2006 WL 1096191, at *1-2 (Tex. App.--Texarkana Apr. 27,
2006, no pet. h.). The record indicates, and Robinson acknowledges, she did not serve an
expert report on December 27 and the parties did not extend the December 27 deadline by
written agreement. Thus, if the trial court were to properly grant Robinson an extension of
time in which to serve an expert report, the extension would have to be mandated according
to section 74.351(c). (3) See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c). "[T]he
subsection (c) extension is available only when a timely-served report does not meet the
statutory definition of an 'expert report' because it has one or more deficiencies in its
contents; subsection (c) does not apply to a report not served by the deadline." 
Thoyakulathu, 2006 WL 1096191 at * 2 (citing Manor Care Health Servs. v. Ragan, 187
S.W.3d 556, 560 n.5 (Tex. App.--Houston [14th Dist.] 2006, pet. filed)). Subsection (c) does
not apply in this case because Robinson did not serve the expert report by the deadline. 
Under the facts presented, section 74.351 does not grant the trial court the authority to order
an extension of time to serve an expert report. See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a), (c); see also Garcia v. Marichalar, 185 S.W.3d 70, 74 (Tex. App.--San Antonio
2005, no pet.) ("[W]hen no expert report is served within 120 days of filing the claim, a trial
court has no authority to grant an extension."). Robinson argued to the trial court that it had
discretion to order an extension in which to furnish an expert report as long as she could
show accident or that she made diligent efforts to timely serve the expert report. However,
contrary to Robinson's assertions, section 74.351 does not provide Robinson with the
accident or mistake exception provided by former Article 4590i of the Texas Revised Civil
Statutes. See Kendrick v. Garcia, 171 S.W.3d 698, 705 (Tex. App.--Eastland 2005, pet.
filed) (concluding section 74.351 precludes the existence of the Article 4590i good faith
exception to the requirement of timely serving expert reports). Any attempt to grant
Robinson an extension of time in which to serve her expert report could not properly have
been granted pursuant to section 74.351. Thus, because the trial court did not have the
authority to grant an extension of time to serve an expert report in this case, the trial court
was bound by section 74.351(b)'s mandatory dismissal provision. (4) See Thoyakulathu, 2006
WL 1096191 at * 3; see also Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2). 

 A trial court's ruling on a motion to dismiss a health care liability claim is reviewed
for an abuse of discretion. Bowie Mem. Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002)
(citing Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex.
2001)); see also Kendrick, 171 S.W.3d at 702 (utilizing the abuse of discretion standard of
Palacios to review denial of a motion to dismiss under section 74.351). A trial court abuses
its discretion if it acts without reference to any guiding rules or principles or acts in an
arbitrary or unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985). "A trial court has no 'discretion' in determining what the law is or
applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the
law correctly will constitute an abuse of discretion. . . ." Walker v. Packer, 827 S.W.2d 833,
840 (Tex. 1992).

 Section 74.351 mandates that when a claimant fails to serve the defendant physician
an expert report within 120 days after the date the claim was filed, the trial court "shall," on
motion of the physician, enter an order dismissing the suit with prejudice. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(b)(2). Here, Robinson did not serve Soberon an expert
report by December 27 and Soberon filed a motion to dismiss based upon Robinson's failure
to timely serve an expert report. (5) By denying the motion to dismiss, the trial court abused
its discretion. Soberon's first issue is sustained.

 We reverse the trial court's order denying Soberon's motion to dismiss and render
Robinson's health care liability claim be dismissed with prejudice to the refiling of the claim. 
 REVERSED AND RENDERED.


 __________________________________

 CHARLES KREGER

 Justice

Submitted May 25, 2006

Opinion Delivered June 29, 2006



Before McKeithen, C.J., Kreger and Horton, JJ.
1. While the motion was dated and apparently mailed on December 27, 2005, it was file
stamped on December 29, 2005. 
2. Section 74.351(a) provides in pertinent part:


 In a health care liability claim, a claimant shall, not later than the 120th day after
the date the original petition was filed, serve on each party or the party's attorney
one or more expert reports, with a curriculum vitae of each expert listed in the
report for each physician or health care provider against whom a liability claim is
asserted. The date for serving the report may be extended by written agreement
of the affected parties.


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

3. Section 74.351(c) states, "If an expert report has not been served within the period
specified by Subsection (a) because elements of the report are found deficient, the court may
grant one 30-day extension to the claimant in order to cure the deficiency." Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(c).
4. Subsection (b) provides that if the defendant physician has not been served with the
expert report within the period specified by subsection (a), the court, on the motion of the
defendant physician "shall, subject to Subsection (c), enter an order that . . . dismisses the claim
with respect to the physician . . . with prejudice to the refiling of the claim." Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(b)(2).
5. Soberon did not seek attorney's fees or costs of court. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(b)(1).