Opinion filed November 9, 2006















 
 
  
 
 







 
 
  
 
 




Opinion filed November 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00094-CV

                                                     __________

 

                                  PIYUSH
V. PATEL, M.D., Appellant

 

                                                             V.

 

                                       EVELYN
HARMON, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. CV-44634

 



 

                                                                   O
P I N I O N

 








This is an appeal from the trial court=s denial of a motion to dismiss a
medical malpractice claim.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351 (Vernon Supp. 2006).  In his motion to dismiss,[1]
Piyush V. Patel, M.D. requested that the health care liability claim against
him be dismissed based upon an inadequate expert report and that he be awarded
court costs and reasonable attorney=s
fees.  The trial court denied Dr. Patel=s motion, and Dr. Patel filed this
interlocutory appeal pursuant to Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a)(9) (Vernon
Supp. 2006).  We reverse.  

In his sole issue on appeal, Dr. Patel contends
that the trial court abused its discretion by failing to dismiss the claim and
award him attorney=s fees
and costs.  Dr. Patel challenges the
adequacy of the expert report, not its timeliness.  Section 74.351 provides the statutory
requirements for expert reports in health care liability claims.  Section 74.351(a) requires that a claimant
timely serve the opposing parties with Aone
or more expert reports, with a curriculum vitae of each expert listed in the
report for each physician or health care provider against whom a liability
claim is asserted.@  If an expert report is not timely served,
then the trial court, upon motion of the affected physician or health care
provider, Ashall@ dismiss the claim with prejudice and
award reasonable attorney=s
fees and costs of court to the physician or health care provider.  Section 74.351(b).  Pursuant to Section 74.351(l), a
motion challenging the adequacy of an expert report may only be granted Aif it appears to the court, after
hearing, that the report does not represent an objective good faith effort to
comply with the definition of an expert report.@  An expert report is defined as: 

[A]
written report by an expert that provides a fair summary of the expert=s opinions as of the date of the report
regarding applicable standards of care, the manner in which the care rendered
by the physician or health care provider failed to meet the standards, and the
causal relationship between that failure and the injury, harm, or damages
claimed.  

 

Section 74.351(r)(6). 

A trial court=s
ruling on a motion to dismiss a health care liability claim is reviewed for an
abuse of discretion.  Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877‑78 (Tex.
2001); Kendrick v. Garcia, 171 S.W.3d 698, 702‑03 (Tex. App.CEastland 2005, pet. denied) (applying
the abuse of discretion standard from Palacios, which dealt with a
former health care liability statute, to the denial of a motion to dismiss
under Section 74.351).  A trial court
abuses its discretion if it acts in an arbitrary or unreasonable manner or
without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241‑42 (Tex.
1985).  In determining whether an expert
report constitutes a good‑faith attempt to comply with the statute, a
trial court is limited to a review of the four corners of the report.  Palacios, 46 S.W.3d at 878.  








The record shows that the claimant, Evelyn Harmon,
served Dr. Patel with the expert report and curriculum vitae of Dr. Paul W.
Dlabal.  The report at issue in this case
discusses the medical care received by Harmon from various health care
providers.  The only mention of Dr. Patel
is as follows: 

The care provided to Evelyn Harmon by Dr. P. V.
Patel at Midland Memorial Hospital is outside applicable standards for patients
presenting with symptoms and signs as exhibited by Ms. Harmon due to the
failure to obtain an adequately detailed history, failure to perform an
adequate number of EKGs, failure to perform appropriate laboratory studies,
including cardiac enzymes, failure to provide appropriate medication for the
considerations applicable to this case, and failure to recommend further
evaluation or appropriate timely follow-up.

. . . . 

 

The failure of Dr. P. V. Patel to obtain an
adequately detailed history, failure to perform an adequate number of EKGs,
failure to perform appropriate laboratory studies, including cardiac enzymes,
failure to provide appropriate medication for the considerations applicable to
this case, and failure to recommend further evaluation or appropriate timely
follow-up caused the unnecessary surgery [a coronary stent implantation which,
according to the expert report, was performed by another physician] on Evelyn
Harmon. . . . Dr. Patel=s
breach, or failure, to obtain an adequately detailed history, failure to
perform an adequate number of EKGs, failure to perform appropriate laboratory
studies, including cardiac enzymes, failure to provide appropriate medication
for the considerations applicable to the case, and failure to recommend further
evaluation or appropriate timely follow-up has caused Evelyn Harmon to be at
continued risk of further complications, additional costs for hospitalizations,
and additional medical costs.

 








We hold the expert report did not constitute a
good-faith effort to comply with Section 74.351=s
requirements for an expert report.  To
constitute a good‑faith effort, the report must provide enough
information to inform the defendant of the specific conduct called into
question and to provide a basis for the trial court to conclude that the claim
has merit. Bowie Mem=l Hosp. v. Wright, 79 S.W.3d 48, 52
(Tex. 2002); Palacios,
46 S.W.3d at 879.  Dr. Dlabal=s report failed in both respects.  It did not show that Dr. Patel rendered any
care to Harmon or how the care, if any, rendered by Dr. Patel failed to meet
the applicable standard of care. 
Furthermore, the report did not show a causal relationship between Dr.
Patel=s conduct
and the injury, harm, or damages claimed. 
See, e.g., Hardy v. Marsh, 170 S.W.3d 865, 870 (Tex. App.CTexarkana 2005, no pet.).  It appears that Dr. Dlabal is of the opinion
that Harmon underwent an unnecessary surgery, a coronary stent implantation, performed
by Dr. Faiz-Rehman.  Dr. Dlabal=s report does not show a connection
between Dr. Patel and the surgery; nor does it show that Dr. Patel caused any
injury, harm, or damages to Harmon. 
Thus, the expert report is inadequate as to Dr. Patel.  Because Harmon did not serve Dr. Patel with
an expert report constituting a good-faith effort to comply with Section
74.351, the trial court abused its discretion in denying Dr. Patel=s motion to dismiss.  The sole issue on appeal is sustained.  

We reverse the trial court=s
order denying the motion to dismiss, and we render judgment dismissing with
prejudice Harmon=s claims
against Dr. Patel.  We remand the cause
to the trial court  for the determination
of reasonable attorney=s
fees and costs of court to be awarded to Dr. Patel under Section
74.351(b).  

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

November 9, 2006

Panel
consists of:  Wright, C.J., and

Strange,
J., and McCloud, S.J.[2]











[1]We note that this was Dr. Patel=s second motion to dismiss and was based upon an
amended expert report.  The trial court
had previously determined that the original expert report was deficient and,
pursuant to Section 74.351(c), had given Harmon a 30-day extension to cure the
deficiency.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.