COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 CINDY BREITEN,
  
                             Appellant,
  
 v.
  
 MORTEZA SHATERY, M.D.,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00055-CV
  
 Appeal from the
  
 143rd
 District Court 
  
 of Reeves
 County, Texas 
  
 (TC#10-07-19683 CVR)
  
 
 


 

O P I N I O N

Appellant, Cindy Breiten (Breiten), appeals
the trial court’s dismissal of her medical malpractice claim against Morteza
Shatery, M.D. (Dr. Shatery).  At issue is
the timeliness of the service of Breiten’s expert report upon Dr. Shatery under
Section 74.351 of the Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2011).  We affirm.

BACKGROUND








It is undisputed that Breiten filed a
medical malpractice suit against Dr. Shatery, M.D., on July 7, 2010.  Under Section 74.351, Breiten was required to
serve Dr. Shatery with a copy of her expert report and curriculum vitae before
the 120-day deadline expired on November 4, 2010.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a).  Although Breiten filed her expert’s report
with the Reeves County court clerk on November 3, 2010, the day before the 120th-day
statutory deadline, Breiten did not serve Dr. Shatery until after that
deadline.

On November 12, 2010, Dr. Shatery moved for
dismissal on the ground that Breiten had failed to timely serve him with the
expert report.[1]  Breiten provided Dr. Shatery with a copy of
her expert’s report on November 15, 2010. 
On December 9, 2010, the trial court granted Dr. Shatery’s motion and dismissed
the case with prejudice.  This appeal
followed.

DISCUSSION

Standard
of Review

            A
trial court’s decision to grant or deny a motion to dismiss under Section
74.351 is reviewed for an abuse of discretion. 
See American Transitional Care Ctrs. of Tex., Inc. v. Palacios,
46 S.W.3d 873, 875 (Tex. 2001); Tenet Hospitals, Ltd. v. Boada, 304
S.W.3d 528, 533 (Tex. App. – El Paso 2009, pet. denied).  We will only find an abuse of discretion if
the trial court acted in an unreasonable or arbitrary manner, without reference
to any guiding rules or principles.  Walker
v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003); Boada, 304 S.W.3d at
533.  A trial court acts arbitrarily and
unreasonably if it could have reached only one decision, but instead reached a
different one.  Kendrick v.
Garcia, 171
S.W.3d 698, 703 (Tex. App. – Eastland
2005, pet. denied), citing
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985), cert. denied, 476 U.S. 1159,
106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).  To that end, a trial court abuses its
discretion when it fails to analyze or apply the law correctly.  In re Sw. Bell Tel. Co., 226 S.W.3d
400, 403 (Tex. 2007), citing In re Kuntz, 124 S.W.3d 179, 181 (Tex.
2003); Boada, 304 S.W.3d at 533.

Applicable
Law

In a health care
liability claim, a claimant shall not later than the 120th day after the date
the claim was filed, serve on each party or the party’s attorney one or more
expert reports, with a curriculum vitae of each expert listed in the report for
each physician or health care provider against whom a liability claim is
asserted.  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).  If the claimant fails to serve the required
expert reports within the 120-day deadline, on proper motion by the defendant,
the trial court must dismiss the claim with prejudice and award reasonable attorney’s
fees and court costs incurred by the defendant. 
Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(a)-(b) (West 2011). 
The attorneys’ fees and court costs must be both “reasonable” and
actually incurred.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b)(1).  Trial courts have no
discretion to deny motions to dismiss or to grant extension if the statutory
deadline is not met.  See Badiga
v. Lopez, 274 S.W.3d 681, 683 (Tex. 2009).

When
construing a statute our foremost goal is to determine the Legislature’s intent
in enacting the provision.  Fitzgerald
v. Advanced Spine Fixation Sys. Inc., 996 S.W.2d 864, 865–66 (Tex. 1999).
To determine legislative intent, we look primarily to the statute’s plain
language.  Lone Star HMA, L.P. v.
Wheeler, 292 S.W.3d 812, 816 (Tex. App. -- Dallas 2009, no pet.).  Where the statutory text is clear and
unambiguous, it is determinative of legislative intent.  Entergy Gulf States, Inc. v. Summers,
282 S.W.3d 433, 437 (Tex. 2009).  We presume that the
statutory language used or omitted is done so purposefully.  Univ.
of Tex. Health Sci. Ctr. at Houston v. Gutierrez, 237 S.W.3d 869, 873 (Tex.
App. – Houston [1st Dist.] 2007, pet. denied). We presume that the statute, in
its entirety is effective and a just and reasonable result intended.  Gutierrez,
237 S.W.3d at 873.

Application

In her sole issue on appeal,
Breiten contends that the trial court abused its discretion by dismissing her
case based on the untimely service of her expert’s report on Dr. Shatery.  First, Breiten argues that under Rule 21a, the
act of filing her expert report with the Reeves County District Clerk on November
3, 2010 constituted service on Dr. Shatery. 
Second, Breiten contends that the November 15, 2010 service on Dr.
Shatery was timely because the 120-day statutory deadline was tolled until Dr.
Shatery made an appearance in the case on November 12.  She further contends that service on Dr.
Shatery’s attorney was impossible because Dr. Shatery’s responsive-pleading
deadline surpassed the 120-day deadline. 
The threshold issue is whether Breiten satisfied the requirements of
Section 74.351 by serving her expert’s report within the statute’s 120-day
deadline.

The statutory language
clearly states that a health care liability claimant shall serve an expert
report not later than the 120th day after the original petition was filed on
each party against whom a liability claim is asserted.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a).  While the statute does not define the term
“serve,” Rule 21a of the Texas Rules of Civil Procedure applies to the service
of expert reports in health care liability claims.  Amaya v. Enriquez, 296 S.W.3d 781, 783 (Tex.
App. – El Paso 2009, pet. denied);
Kendrick, 171 S.W.3d at 704.  Rule 21a provides that “[e]very notice
required by these rules, and every pleading, plea, motion, or other form of
request required to be served under Rule 21, other than the citation . . . may
be served” by one of four methods of service: (1) by delivery; (2) by certified
or registered mail; (3) by telephonic document transfer; or (4) by such other
manner as the court in its
discretion may direct.  Tex. R. Civ. P. 21a.  To comply with the express terms of Rule 21a,
a notification or document may be served by delivering a copy to the party to
be served, or the party’s duly authorized agent or attorney of record.  Tex.
R. Civ. P. 21a.  A certificate of
service of an affidavit showing service is prima facie evidence of the fact of
service.  Tex. R. Civ. P. 21a.

Breiten did not
use either of the first three methods of service permitted by Rule 21a to serve
a copy of the expert report on Dr. Shatery before the 120-day deadline.  Breiten urges however, that the filing of her
expert’s report on November 3, 2010 satisfies the fourth method of service
under Rule 21a.  Under the fourth method,
a trial court may in its discretion allow service to occur by any other manner
it directs.  Tex. R. Civ. P. 21a.  Further,
Rule 106(b)(2) states that upon motion, supported by affidavit, a court may
approve service “in any other manner that the affidavit or other evidence . . .
shows will be reasonably effective to give the defendant notice of the
suit.”  Tex. R. Civ. P. 106(b)(2).  Under Rule 106(b), substitute service may
only be authorized once the plaintiff shows the necessity for the substitute
method of service.  Wilson v. Dunn,
800 S.W.2d 833, 836 (Tex. 1990); Eros v. Boyington Capital
Group, LLC, No.
05-08-01703-CV, 2010 WL 4485907, at *1 (Tex. App. – Dallas Nov. 10, 2010, no pet.).

Because Section
74.351(a) expressly requires service of an expert report on the opposing party
or his or her counsel, we reject Breiten’s claim that she satisfied the
requirements of Rule 21a by filing the expert’s report with the court clerk.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a); Tex. R. Civ. P. 21a.  There
is nothing in the record to establish that the trial court directed service by
filing with the court clerk; nor, do we see any reason why the trial court
would have directed another manner of service in this case.  Tex. R.
Civ. P. 21a.  It is clear from the
record that Breiten could have served Dr. Shatery on or before the expiration
of the 120-day deadline, as she had previously served the citation on Dr.
Shatery.

Service is not
accomplished on a party when the method used is not one of the methods
authorized by Rule 21a.  Herrera
v. Seton Nw. Hosp.,
212 S.W.3d 452, 459 (Tex. App. – Austin 2006, no pet.); see also Quint v. Alexander, No. 03-04-00819-CV, 2005 WL 2805576, at
*1 (Tex. App. – Austin
Oct. 28, 2005, pet. denied) (holding that service does not occur when an expert
report is filed with the court clerk when the report could have been served
personally on the defendant).  Because Breiten
failed to use any method of service authorized by Rule 21a to provide a copy of
the expert report to Dr. Shatery within the statutory deadline, we conclude
that Bretein’s filing of the report with the district clerk on November 3,
2010, did not satisfy Section 74.351(a)’s service requirement.

Alternatively,
Breiten argues that she was unable to serve the expert’s report on Dr. Shatery
or his lawyer because the responsive pleading deadline surpassed the 120-day
deadline.  Breiten contends that the
November 15, 2010, service on Dr. Shatery complies with the service requirement
of Section 74.351(a) because the 120-day deadline was tolled until Dr. Shatery
entered an appearance in the case.  In
support of her argument, Breiten relies on Gardner v. U.S. Imaging, Inc., 274 S.W.3d 669 (Tex. 2008).  In Gardner,
the plaintiff served the defendant health care provider with the expert report
after defendant filed an untimely answer to the plaintiff’s lawsuit.  Id.
at 670.  The defendant argued that the
service of the report was untimely because it was served more than 120 days
after the original petition was filed.  Id. 
The court found that service was timely because the 120-day deadline was
tolled until the defendant made an appearance in the case once the defendant
defaulted and judgment was taken against it. 
Id. at 671.

We do not find Gardner to be persuasive.  The facts of Gardner can be distinguished from
those here because Dr. Shatery’s answer was timely filed and there was no default
judgment.  Gardner, 274 S.W.3d at 669.  Here,
it is undisputed that Dr. Shatery was served with citation on October 22, 2010,
and as such, he could have been served within the 120-day statutory deadline.  Quint, 2005 WL 2805576, at *1.  The fact that the responsive pleading
deadline surpassed the 120-day deadline is of no importance.  See Salinas
v. Dimas, 310
S.W.3d 106, 111 (Tex. App. – Corpus
Christi 2010, pet. denied) (concluding that neither the rules nor statute
prohibit a health care liability claimant from serving an expert report before
the defendant files his answer).  Accordingly,
Breiten’s sole issue is overruled because her expert’s report was not timely
served under Section 74.351.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a).

CONCLUSION

The trial court’s judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

April 11, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
On December 3, 2010, Dr. Shatery filed a second motion to dismiss which incorporated
the November 12 Motion to Dismiss and added an allegation of inadequacy of
Breiten’s expert report.  On appeal, the
parties only address the timeliness of service and because the trial court’s
order does not specify which motion was granted, we assume the only issue
before us is the one briefed by the parties.