ACCEPTED
13-15-00060-cv
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/29/2015 3:16:35 PM
DORIAN RAMIREZ
CLERK

No. 13-15-00060-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT - AT CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/29/2015 3:16:35 PM
DORIAN E. RAMIREZ
Clerk

DR. STEPHAN KONASIEWICZ,
*Defendant-Appellant,*

*v.*

JUAN GARZA,
*Plaintiff-Appellee.*

ON APPEAL FROM COUNTY COURT AT LAW NO. 1, NUECES COUNTY, TEXAS
CAUSE NO. 2012-CCV-61202-1
(HON. ROBERT J. VARGAS)

**PLAINTIFF-APPELLEE'S BRIEF**

HILLIARD MUÑOZ GONZALES LLP
Robert C. Hilliard
State Bar No. 09677700
bobh@hmglawfirm.com
Catherine D. Tobin
State Bar No. 24013642
catherine@hmglawfirm.com
John B. Martinez
State Bar No. 24010212
john@hmglawfirm.com
T. Christopher Pinedo
State Bar No. 00788935
cpinedo@hmglawfirm.com
Marion Reilly
State Bar No. 24079195
marion@hmglawfirm.com
719 S. Shoreline, Suite 500
Corpus Christi, TX  78401
Telephone No.:  (361) 882-1612
Facsimile No.:   (361) 882-3015
**ATTORNEYS FOR PLAINTIFF-APPELLEE**

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS**

**DR. STEPHAN KONASIEWICZ,**
*Defendant-Appellant,*

*v.*

**JUAN GARZA,**
*Plaintiff-Appellee.*

ON APPEAL FROM COUNTY COURT AT LAW NO. 1, NUECES COUNTY, TEXAS
CAUSE NO. 2012-CCV-61202-1
(HON. ROBERT J. VARGAS)

## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves clear facts and well-settled law. Together, they amply support the trial court's decision to overrule Defendant-Appellant's objections to Plaintiff-Appellee's Chapter 74 expert report. As a result, Plaintiff-Appellee believes that oral argument is not necessary to aid the decisional process or to expeditiously resolve this case. However, should the Court wish to hear oral argument, then Plaintiff-Appellee would welcome the opportunity to further articulate these issues.

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................... iii

INDEX OF AUTHORITIES .............................................................................. v

STATEMENT OF THE CASE ........................................................................ viii

ISSUES PRESENTED...................................................................................... ix

STATEMENT OF THE FACTS ........................................................................ 1

STANDARDS OF REVIEW ............................................................................. 6

    I.     THE TRIAL COURT'S DENIAL OF A MOTION TO DISMISS IS REVIEWED FOR AN ABUSE OF DISCRETION ................................................. 6

    II.    THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE REVIEWED FOR FACTUAL AND LEGAL SUFFICIENCY OF THE EVIDENCE ......................................................................................... 7

SUMMARY OF THE ARGUMENT .................................................................. 8

ARGUMENT .................................................................................................... 9

    I.     THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING DEFENDANT-APPELLANT'S OBJECTIONS TO PLAINTIFF-APPELLEE'S CHAPTER 74 EXPERT REPORT ............................. 9

          A.    Plaintiff-Appellee is Entitled to a Presumption of Timely Service ........................................................................................ 10

          B.    Defendant-Appellant Did Not Rebut the Presumption of Timely Service ................................................................................ 13

    II.    THE EVIDENCE IS LEGALLY AND FACTUALLY SUFFICIENT TO SUPPORT THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW ..................................................................... 15

CONCLUSION ............................................................................................... 18

RULE 9.4(I) CERTIFICATION ...................................................................... 19

CERTIFICATE OF SERVICE ...................................................................................... 19

# INDEX OF AUTHORITIES

**PAGE**

**UNITED STATES SUPREME COURT CASES:**

*Anderson v. City of Bessemar*,
470 U.S. 546 (1985) ................................................................................................ 6

*Bose Corp. v. Consumers Union of U.S., Inc.*,
466 U.S. 485 (1984) ................................................................................................ 17

*Southland Life Ins. Co. v. Greenwade*,
159 S.W.2d 854 (1942) ........................................................................................... 10


**SUPREME COURT OF TEXAS CASES:**

*Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*,
46 S.W.3d 873 (Tex. 2001) ................................................................................... 6

*BMC Software Belgium, N.V. v. Marchland*,
82 S.W.3d 789 (Tex. 2001) ................................................................................... 7

*Cliff v. Huggins*,
724 S.W.2d 778 (Tex. 1987) ........................................................................... 10, 13

*In re E.A.*,
287 S.W.3d 1 (Tex. 2009) ..................................................................................... 13

*Jaffe Aircraft Corp. v. Carr*,
867 S.W.2d 27 (Tex. 1993) ................................................................................... 7

*Manzi v. State*,
88 S.W.3d 240, 244 (Tex. Crim. App. 2002) (en banc) ...................................... 6

*Mathis v. Lockwood,*
166 S.W.3d 743 (Tex. 2005) ................................................................................. 10

*Nat'l Med. Enters., Inc. v. Godbey*,
924 S.W.2d 123 (Tex. 1996) ................................................................................. 12

*Walker v. Packer*,
827 S.W.2d 833 (Tex. 1992) .................................................................................... 7, 16

*Worford v. Stamper*,
801 S.W.2d 108, 109 (Tex. 1990) ...............................................................................6

**TEXAS COURTS OF APPEALS CASES:**

*Cameron Cnty Drainage Dist. No. 5 v. Gonzales*,
69 S.W.3d 820 (Tex. App.—Corpus Christi 2002, no pet.) ..................................... 7

*H.E.B., L.L.C. v. Ardinger*,
369 S.W.3d 496 (Tex. App.—Fort Worth 2012, no pet.) ...................................... 7

*Kendrick v. Garcia*,
171 S.W.3d 698(Tex. App.—Eastland 2005, pet. denied) ........................ 4, 10, 16

*Lease Fin. Group, LLC v. Childers*,
310 S.W.3d 120 (Tex. App.—Fort Worth 2010, no pet.) .................................... 10

*McAllen Police Officers Union v. Tamez*,
81 S.W.3d 401 (Tex. App.—Corpus Christi 2002, pet. dism'd) ........................... 7

*McQuade v. Berry*,
No. 02-12-00099-CV, 2012 WL 6049012 (Tex. App.—Fort Worth 2012,
no pet.) ................................................................................................ 6, 14, 15

*Miller v. Kennedy & Minshew Prof. Corp.*,
80 S.W.3d 161 (Tex. App.—Fort Worth 2002, pet. denied) ............................. 12

*Pallares v. Magic Valley Elec. Coop.*,
267 S.W.3d 67 (Tex. App.—Corpus Christi 2008, pet. denied) ........................... 7

*Pentico v. Mad-Wayler, Inc.*,
964 S.W.2d 708 (Tex. App.-Corpus Christi 1998, pet. denied) ........................ 14

*Puri v. Mansukhani*,
973 S.W.2d 701 (Tex. App.—Houston [14th Dist.] 1998)................................. 16

*Schindler v. Schindler*,
    119 S.W.3d 923 (Tex. App.—Dallas 2003, pet. denied) ..................................... 16

**STATUTES AND RULES:**

Act of May 24, 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, eff. Sept. 1, 2013 ................... 9

Tex. Civ. Prac. & Rem. Code § 74.351(a) (Vernon 2011) ................................................ 9

Tex. Civ. Prac. & Rem. Code § 74.351(b) (Vernon 2011) ................................................ 9

Tex. Civ. Prac. & Rem. Code § 74.351 ....................................................................... 5, 15

Tex. R. Civ. P. 21a ........................................................................................ 4, 10, 14, 13

# STATEMENT OF THE CASE

*Nature of the Case*: This is an interlocutory appeal challenging the trial court's order overruling Defendant-Appellant's objections to Plaintiff-Appellee's expert report in a medical malpractice case. The principal issue in this case is whether the trial court properly determined that Plaintiff-Appellee's expert report was timely when it was deposited into the mail at a United States Post Office within 120 days of filing his Original Petition.

*Trial Court*: County Court at Law No. 1, Nueces County, Texas, Judge Robert J. Vargas presiding.

*Trial Court Disposition*: The trial court determined that Plaintiff-Appellee timely served a sufficient Chapter 74 expert report within 120-days of filing his Original Petition. (Supp. CR 16-17.) Thus, the trial court overruled Defendant-Appellant's objections to Plaintiff-Appellee's expert report. (CR 406.)

viii

# ISSUES PRESENTED

Plaintiff-Appellee disagrees with the issues presented by Defendant-Appellant in its opening brief. This case involves two relatively simple issues:

I.   Whether the trial court properly overruled Defendant-Appellant's objections to the timeliness of Plaintiff-Appellee's Chapter 74 expert report when he deposited the report into a United States Postal Service mail depository within 120 days of filing his lawsuit.

II.  Whether the trial court's Findings of Fact numbers 6 and 7 and Conclusion of Law number 17 are legally and factually sufficient.

## STATEMENT OF THE FACTS

*Mr. Garza's Surgeries*

Mr. Garza originally visited South Texas Brain and Spine Center to treat his back pain. (CR 28.) After an initial consultation with Dr. Macias at the South Texas Brain and Spine Center, Mr. Garza underwent surgery with Dr. Konasiewicz. (CR 28.) Immediately after the surgery, Mr. Garza experienced intense pain and could not walk. (CR 28.) Despite repeated calls to the South Texas Brain and Spine Center about his condition, doctors assured him it was just a "normal" part of the recovery process. (CR 28.) Dr. Konasiewicz maintained this position even though Mr. Garza had to be brought to Dr. Konasiewicz's office on a stretcher approximately one month after surgery. (CR 28.)

Mr. Garza eventually saw another doctor in Victoria, Texas for the pain he experienced post-surgery. (CR 28.) That doctor discovered a large mass on Mr. Garza's spine and recommended emergency surgery. (CR 28.) During the emergency surgery, a large mass was removed that Dr. Konasiewicz had left in Mr. Garza's body. (CR 28.) The mass had been pinching Mr. Garza's spine and caused irreparable damage—damage that will likely leave Mr. Garza unable to walk for the rest of his life. (CR 29.)

Before Dr. Konasiewicz operated on Mr. Garza, he was active and enjoyed life. (CR 29.) Since the surgery, however, Mr. Garza is completely bedridden and is in and

1

out of hospital and rehabilitation centers. (CR 29.) Mr. Garza is forced to use a foley catheter and had to have his leg amputated. (CR 29.)

Little did Mr. Garza know, Dr. Konasiewicz had a long history of medical malpractice. (CR 33.) Dr. Konasiewicz managed to attain a special infamy in Minnesota, and a simple internet search uncovers numerous articles dealing with the extent of his history of malpractice. (CR 33); *see, e.g.,* J.G. Preston, "You've Paid $3 Million to Settle Malpractice Suits? Welcome to Texas, Podnah!", http://www.protectconsumerjustice.org/youve-paid-3-million-to-settle-malpractice-suits-welcome-to-texas-podnah.html (last accessed April 17, 2015) (discussing how the brain surgeon has been sued for medical malpractice nine times and was involved in cases that have already led to more than $3 million in settlements to injured patients).

*Mr. Garza's Lawsuit and Service of His Expert Report*

On June 19, 2012, Mr. Garza filed his Original Petition and Requests for Disclosure. (Supp. CR 13.) On October 17, 2012, a paralegal with counsel for Plaintiff-Appellee's firm, Nicole Porter Stoner, deposited Plaintiff-Appellee's expert report, a report by Dr. Martin Barrash, into the mail at the United States Post Office at 809 Nueces Bay Boulevard, Corpus Christi, Texas 78469. (Supp. CR 14.); *see also* (2 RR 46-49.) This report was addressed to and served on Dr. Konasiewicz, postage paid, by certified mail, return receipt requested to the following addresses:

a. Stefan Konasiewicz
1227 3rd Street

Corpus Christi, Texas 78404-2313

    b.        Stefan Konasiewicz
                1400 Ocean Dr. Apt. 904C
                Corpus Christi, Texas 78404-2196

    c.        Stefan Konasiewicz
                William Beaumont
                Army Medical Center
                5005 N. Piedras St.
                El Paso, Texas 79920.

(CR 251.) There is no dispute that Dr. Konasiewicz actually received the report. (CR 321-22.)

During the May 8, 2013 hearing on Defendant-Appellant's objections to the expert report, Plaintiff-Appellee provided an affidavit to the Court, signed by Ms. Porter Stoner, that confirmed she deposited the expert report with the United States Postal Service, postage paid, on October 17, 2012. (Supp. CR 14.); *see also* (2 RR 45-50.) Ms. Porter Stoner also testified, under oath, to that same effect at the May 8, 2013 hearing. (Supp. CR 14.); *see also* (2 RR 45-49.) Specifically, Ms. Porter Stoner averred that she affixed postage to the articles using his office's postage machine. (2 RR 48.) Ms. Porter Stoner also stated that she mailed the items via certified mail, return receipt requested, postage-prepaid, and deposited them in the outside box at the Nueces Bay Boulevard post office around 6:30 p.m. (2 RR 46-49.)

At the May 8, 2013 hearing, Defendant-Appellant argued that the United States Postal Service Track & Confirm results showed that the expert report was accepted by the Portland, Texas post office on October 18, 2012. (3 RR 13.) Defendant-

3

Appellant also offered the affidavit of Mr. Tim Birrenkott, a USPS employee, who stated his opinion that the articles were "tendered into the U.S. Mail at the Portland, Texas post office branch ensued the post office on October 18, 2012 at 4:13 PM." (CR 287.)

The trial court determined that pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff-Appellee had 120 days from June 19, 2012 to serve Dr. Konasiewicz with an expert report; 120 days from June 19, 2012 was October 17, 2012. (Supp. CR 13.) In particular, the trial court, per Texas Rule of Civil Procedure Rule 21a, held that "[w]hen a document is served by certified mail, service is 'complete upon *deposit* of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.'" (Supp. CR 17) (citing *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.—Eastland 2005, pet. denied)) (emphasis added) (Tex. R. Civ. P. 21a.).

After considering the evidence, the trial court found that "[o]n October 17, 2012, Plaintiff-Appellee timely served his Chapter 74 expert report, a report by Dr. Martin Barrash, on Defendant Dr. Stephen Konasiewicz, by depositing it into the mail at the United States Post Office at 809 Nueces Bay Boulevard, Corpus Christi, Texas 78469." (Supp. CR 14.) The Court found that "[t]he Stoner Affidavit and testimony are *prima facie* evidence that Plaintiff-Appellee's Chapter 74 expert report was served on Dr. Stephen Konasiewicz on October 17, 2012, which is within the 120-day

4

deadline established by Tex. Civ. Prac. & Rem. Code § 74.351 for service of expert reports." (Supp. CR 14.) The Court further found that "[t]he May 21, 2014 affidavit from Tim Birrenkott, proffered by Defendant Dr. Stephen Konasiewicz, does not obligate a finding that the *prima facie* presumption has been overcome." (Supp. CR 14.) Accordingly, the trial court issued an order overruling Defendant-Appellant's objections to Plaintiff-Appellee's expert report on January 8, 2015. This appeal followed. (CR 406.)

## STANDARDS OF REVIEW

**I.    The Trial Court's Denial of a Motion to Dismiss is Reviewed for an Abuse of Discretion.**

The trial court's denial of a motion to dismiss for failure to timely file a section 74.351(a) expert report is reviewed for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) (applying abuse of discretion standard in reviewing trial court's decision regarding the dismissal of a claim under Chapter 74); *McQuade v. Berry*, No. 02-12-00099-CV, 2012 WL 6049012, at *2 (Tex. App.—Fort Worth 2012, no pet.) (affirming the trial court's denial of a motion to dismiss based on timeliness challenges after reviewing the decision for an abuse of discretion). Under this standard, an appellate court will not reverse a trial court's judgment simply because the appellate court would have decided the matter differently. To the contrary, the Court will only reverse the judgment if the trial court "acted without any reference to any guiding rules or principles." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). This deferential standard of review applies even to "the trial court's resolution of the historical facts from conflicting affidavits." *Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002) (en banc); *see Anderson v. City of Bessemar*, 470 U.S. 546, 574-75 (1985) ("[T]he parties to a case on appeal have already been forced to concentrate their energies and resources on persuading the trial judge that their account of the facts is a correct one; requiring them to persuade three more judges at the appellate level is requiring too much.").

6

To the extent resolution of the issues requires interpreting statutes, the court applies a de novo standard of review. *See Pallares v. Magic Valley Elec. Coop.*, 267 S.W.3d 67, 69-70 (Tex. App.—Corpus Christi 2008, pet. denied) (internal citations omitted).

## II. The Trial Court's Findings of Fact and Conclusions of Law Are Reviewed for Factual and Legal Sufficiency of the Evidence.

Courts of appeals review findings of fact for both legal and factual sufficiency. *See BMC Software Belgium, N.V. v. Marchland*, 82 S.W.3d 789, 794 (Tex. 2001). Conclusions of law are reviewed de novo. *McAllen Police Officers Union v. Tamez*, 81 S.W.3d 401, 404 (Tex. App.—Corpus Christi 2002, pet. dism'd). The appellate court will only set aside a factual finding if the evidence supporting the finding is contrary to the overwhelming weight of the evidence. *See Cameron Cnty Drainage Dist. No. 5 v. Gonzales*, 69 S.W.3d 820, 825 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 29 (Tex. 1993)). The appellate court will not substitute its judgment for that of the trial court in evaluating factual matters determined by the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court does not abuse its discretion when it bases its decision on conflicting evidence and when some evidence of substantive and probative character supports the decision. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 520 (Tex. App.—Fort Worth 2012, no pet.). Here, Plaintiff-Appellee provided substantive evidence of a probative character.

7

## SUMMARY OF THE ARGUMENT

### I.

The trial court correctly overruled Defendant-Appellant's objections to Plaintiff-Appellee's Chapter 74 expert report. In accordance with Texas Rule of Civil Procedure 21a, Plaintiff-Appellee timely deposited his expert report in an official United States Post Office mail depository within 120-days of filing his Original Petition. Plaintiff-Appellee presented the trial court with ample evidence to establish a *prima facie* case of timely service and this evidence was not rebutted by Defendant-Appellant. The trial court therefore correctly found in favor of Plaintiff-Appellee on the timeliness issue.

### II.

The evidence is more than sufficient to support the trial court's factual finding that Plaintiff-Appellee deposited his expert report in an official United States Post Office mail depository on October 17, 2012. The trial court was free to assess the credibility of the witnesses and the trial court's conclusions are not against the great weight of the evidence. Moreover, the legal conclusions that the trial court drew from the facts of the case were correct and supported by the law. Thus, the trial court's findings of fact numbers 6 and 7 and conclusion of law number 17 are legally and factually sufficient.

## ARGUMENT

I. **THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING DEFENDANT-APPELLANT'S OBJECTIONS TO PLAINTIFF-APPELLEE'S CHAPTER 74 EXPERT REPORT.**

At the time that this lawsuit was filed and amended, Chapter 74 of the Texas Civil Practice & Remedies Code provided that a claimant asserting a health care liability claim must, within 120 days following the filing of the original petition, serve an expert report and curriculum vitae for each physician or health care provider against whom the claim is asserted. Tex. Civ. Prac. & Rem. Code § 74.351(a) (Vernon 2011).[1] If a claimant fails to serve an expert report on the defendant physician or health care provider, then, on the motion of the affected physician or health care provider, the trial court shall dismiss claimant's claim. Tex. Civ. Prac. & Rem. Code § 74.351(b) (Vernon 2011). On appeal, Defendant-Appellant does not challenge the sufficiency of Plaintiff-Appellee's expert report; instead, Defendant-Appellant challenges the timeliness of Plaintiff-Appellee's service of his expert report. Defendant-Appellant's attack on the timeliness of Plaintiff-Appellee's expert report is not sustainable as a matter of law because he timely served Dr. Stefan Konasiewicz after suing him.

---

[1] In 2013, the Legislature amended section 74.351(a) to require service of the expert report within 120 days of the defendant's answer. *See* Act of May 24, 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, eff. Sept. 1, 2013. The original petition was filed in June 2012 and amended later that same month and is thus governed by the prior version of the statute, which required service of the expert report within 120 days following the filing of the original petition. All references to Chapter 74 contained herein refer to the 2011 version of the statute applicable to this suit unless otherwise noted.

### A.     Plaintiff-Appellee is Entitled to a Presumption of Timely Service.

Texas Rule of Civil Procedure Rule 21a states that notices and other documents may be served, among other means, by certified mail. Tex. R. Civ. P. 21a. When a document is served by certified mail, service is "complete upon *deposit* of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.-Eastland 2005, pet. denied) (emphasis added). When service is accomplished, a "certificate by a party or an attorney of record . . . showing service of a notice shall be prima facie evidence of the fact of service." *See Lease Fin. Group, LLC v. Childers*, 310 S.W.3d 120, 126 (Tex. App.—Fort Worth 2010, no pet.); *see also Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) (stating that the presumption of proper service under rule 21a, unless rebutted "by an offer of proof of nonreceipt," has the "force of a rule of law") (citing *Southland Life Ins. Co. v. Greenwade*, 159 S.W.2d 854, 857 (1942)).  Here, the presumption of timely service is supported by both Ms. Porter Stoner's affidavit and Ms. Porter Stoner's testimony. *Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex. 2005) ("A certificate by a party or an attorney of record, or the return of the officer, *or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service.*") (citing Tex. R. Civ. P. 21a) (emphasis added).

There is evidence in the form of both affidavit and live testimony, that service was effectuated on that date.  Specifically, Plaintiff-Appellee provided the Court with

the May 3, 2013 affidavit of Ms. Porter Stoner. Ms. Porter Stoner averred that "On October 17, out of an abundance of precaution, we mailed the Chapter 73 expert report to Dr. Konasiewicz at the following addresses:

> d. Stefan Konasiewicz
> 1227 3rd Street
> Corpus Christi, Texas 78404-2313
>
> e. Stefan Konasiewicz
> 1400 Ocean Dr. Apt. 904C
> Corpus Christi, Texas 78404-2196
>
> f. Stefan Konasiewicz
> William Beaumont
> Army Medical Center
> 5005 N. Piedras St.
> El Paso, Texas 79920."

(CR 250-51.)

Additionally, Ms. Porter Stoner appeared at the May 8, 2013 hearing on the motion to dismiss and offered testimony. (2 RR 45-50.) Ms. Porter Stoner testified that she deposited the articles containing the expert report at the post office on October 17, 2012. (2 RR 46.) She further confirmed that the articles were sent to Dr. Konasiewicz via certified mail, return receipt requested and that postage was prepaid. (2 RR 47.) The letters accompanying the expert report were dated "October 17, 2012," (CR 307, 309, 311), and the mailing envelopes of the articles, which Defendant-Appellant himself submitted into evidence, likewise reflect a date of October 17, 2012. (CR 306, 308, 310).

11

Although Defendant-Appellant questions the veracity of Ms. Porter Stoner's testimony regarding when and where she deposited the articles, the plain fact of the matter is that, in this instance, the court—not the parties—determines the credibility of the witnesses. *See Miller v. Kennedy & Minshew Prof. Corp.*, 80 S.W.3d 161, 166 (Tex. App.—Fort Worth 2002, pet. denied) ("[A]t a contested evidentiary hearing, the trial court is the sole judge of the credibility of the witnesses and may believe or disbelieve any part of the witnesses' testimony."). The trial court's determination in this regard is entitled to deference and this Court "may not reverse for an abuse of discretion merely because it disagrees with the trial court's decision if that decision was within the trial court's discretionary authority." *Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 134 (Tex. 1996). In the instant case, the trial court was presented with evidence that arguably fell on both sides of the issue, but the trial court was free to weigh that evidence in the manner that it did and the conflicting evidence is not so great as to warrant reversal. *See id.* Ms. Porter Stoner's affidavit, her live testimony, and the dates on the envelopes' postage all support Plaintiff-Appellee's position and, taken together, this evidence is both sufficient to create a presumption of timely service and to support the trial court's determination that Plaintiff-Appellee's expert report was mailed on October 17, 2012. *See id.* ("An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence reasonably supports the trial court's decision.").

**B.**     **Defendant-Appellant Did Not Rebut the Presumption of Timely Service.**

Once Plaintiff-Appellee's case was imbued with the presumption of timely service, Defendant-Appellant was required to rebut the presumption with an offer of proof negating service. He failed to rebut that presumption.

First, the Texas Supreme Court has held that the presumption of service under Rule 21a from a party's certificate of service "vanishes when opposing evidence is introduced that [a document] was *not received*." *In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (emphasis added) (quoting *Cliff*, 724 S.W.2d at 780); *see also* Tex. R. Civ. P. 21a ("Nothing herein shall preclude any party from offering proof that the notice or instrument was not received . . . .") (emphasis added). Yet, the presumption does not "vanish" here because it **is undisputed that Defendant-Appellant actually received Plaintiff-Appellee's expert report**. *See* (CR 251); *see also* (2 RR 23, 3 RR 20.) The date of that receipt says nothing about the date of deposit—and it is the latter that controls. *See, e.g.,* Tex. R. Civ. P. 21a. For that reason, *In re E.A.* and *Cliff v. Huggins* are wholly inapplicable. *See In re E.A.*, 287 S.W.3d at 5 (Tex. 2009); *see also Cliff v. Huggins*, 724 S.W.2d at 780.

Second, as outlined above, Plaintiff-Appellee timely served his expert report via certified mail return receipt requested on the 120th day after filing his petition. *See supra* PART I.A. Relying upon the postmark and affidavit of Birrenkott, Defendant-Appellant argues that the envelope was not "accepted" by the United States Postal

Service until October 18, 2012. However, the rule of law for service in Texas is based on when the mail is "deposited" and not the USPS.com "accepted" rule. Tex. R. Civ. P. 21. None of Defendant-Appellant's authorities purport to alter Rule 21a's unambiguous language that service by certified mail is "complete upon *deposit* of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository." Tex. R. Civ. P. 21a (emphasis added).

Third, Defendant-Appellant's contention that an October 18, 2012 postmark should overcome the *prima facie* presumption, created by the certificate of service and Ms. Porter Stoner's affidavit and testimony, is unsupportable. For example, in *McQuade v. Berry*, the Second Court of Appeals determined that under Tex. R. Civ. P. 21a, the plaintiff's certificate of service constituted prima facie evidence that he served the expert report on a defendant on November 22, and that under the facts of the case, the defendant's evidence of a November 23 postmark did not obligate the trial court to find that the prima facie presumption had been overcome. *McQuade v. Berry*, 2012 Tex. App. LEXIS 10065 (Tex. App. –Fort Worth 2012, no pet.). The Second Court upheld the trial court's judgment, finding that the plaintiff timely served the expert report on November 22 and that the trial court correctly denied the defendant's motion to dismiss alleging untimely service. *Id.* at 14; *see also Pentico v. Mad-Wayler, Inc.*, 964 S.W.2d 708, 718 n.7 (Tex. App.-Corpus Christi 1998, pet. denied) ("Although the rules of procedure view postmarks as prima facie evidence of the date of mailing for purposes of filing documents with the court, . . . postmarks are

14

not conclusive evidence of the date an item was mailed in other contexts."). Because Defendant-Appellant failed to rebut the presumption of service, the trial court's judgment should be upheld.

## II. THE EVIDENCE IS LEGALLY AND FACTUALLY SUFFICIENT TO SUPPORT THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW.

The Defendant-Appellant additionally argues that the trial court's Findings of Fact numbers 6 and 7, and Conclusion of Law number 17 "are supported by legally and factually insufficient evidence, and Conclusion of Law number 17 is legally erroneous." Defendant-Appellant's Brief at xii. Not so. The trial court's Findings and Conclusions in dispute are as follows:

**Finding of Fact Number 6:**

On October 17, 2012, Plaintiff-Appellee timely served his Chapter 74 expert report, a report by Dr. Martin Barrash, on Defendant Dr. Stephen Konasiewicz by depositing it into the mail at the United States Post Office at 809 Nueces Bay Boulevard, Corpus Christi, Texas. The expert report was served on Dr. Konasiewicz postage paid by certified mail, return receipt requested.

**Finding of Fact Number 7:**

Plaintiff-Appellee has provided an affidavit of Nicole Porter Stoner dated May 3, 2013, and the testimony of Nicole Porter Stoner at the May 8, 2013 hearing confirming service of the Chapter 74 expert report on Defendant Konasiewicz by depositing the same with the United States Postal Service postage paid on October 17, 2012. The Stoner Affidavit and testimony are *prima facie* evidence that Plaintiff-Appellee's Chapter 74 expert report was served on Dr. Stephen Konasiewicz on October 17, 2012, which is within the 120-day deadline established by Tex. Civ. Prac. & Rem. Code § 74.351 for service of expert reports. *McQuade v. Berry*, 2012 Tex. App. LEXIS 10065 (Tex. App.—Fort Worth 2012, no pet.)

15

(the patient's certificate of service constituted *prima facie* evidence that he served the expert report on the dentist). The May 21, 2014 affidavit from Tim Birrenkott, proffered by Defendant Dr. Stephen Konasiewicz, does not obligate a finding that the *prima facie* presumption has been overcome. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (stating that to establish an abuse of discretion on a trial court's resolution of a factual issue, a party must show that the "trial court could reasonably have reached only one decision.").

**Conclusion of Law Number 17:**

Plaintiff-Appellee served his Chapter 74 expert report, by certified mail, on Defendant Dr. Stephen Konasiewicz by depositing it into the mail on October 17, 2012, in accordance with Texas Rule of Civil Procedure 21a. When a document is served by certified mail, service is "complete upon *deposit* of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.—Eastland 2005, pet. denied) (emphasis added).

(Supp. CR 14, 15, 17.)

The trial court correctly concluded, based upon its review of the evidence filed and its review of the law that Plaintiff-Appellee timely served his expert report. Notably, a finding of fact by the trial court, not assailed on appeal, is entitled to the same deference as a jury's finding and is binding on the reviewing court, provided the finding is authorized by law. *See, e.g., Puri v. Mansukhani,* 973 S.W.2d 701 (Tex. App.—Houston [14th Dist.] 1998). As explained in great detail above, the trial court's legal conclusion is legally sound. *See supra* Part I.A.-B. The trial court's factual conclusions, based upon the evidence presented and testimony of the witnesses, are not against the great weight and preponderance of the evidence as to be manifestly unjust. *See Puri,* 973 S.W.2d at 701; *see also Schindler v. Schindler,* 119 S.W.3d 923, 929 (Tex. App.—

16

Dallas 2003, pet. denied) ("[W]e will sustain the findings if there is sufficient evidence to support them, and we will review the legal conclusions drawn from the facts found to determine their correctness."). Further the trial court judge, acting as the trier of fact, was entitled to disbelieve Mr. Birrenkott. *See, e.g., Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512 (1984) ("When the testimony of a witness is not believed, the trier of fact may simply disregard it."). Here, the trial court judge simply resolved the conflicting affidavits of Ms. Porter Stoner and Mr. Birrenkott and accepted Ms. Porter Stoner's affidavit over Mr. Birrenkott's, as he was entitled to do. *See id.* Accordingly, the findings of fact and conclusion of law are legally and factually sufficient.

## CONCLUSION

Plaintiff-Appellee presented *prima facie* evidence that Defendant-Appellant Dr. Konasiewicz was served on October 17, 2012 in accordance with Rule 21a. Defendant-Appellant did not rebut that presumption of timely service. The evidence and law support the trial court's Findings of Fact and Conclusion of Law, and the trial court's judgment should be affirmed.

Respectfully Submitted,

/s/Marion M. Reilly

Robert C. Hilliard
State Bar No. 09677700
bobh@hmglawfirm.com
Catherine D. Tobin
State Bar No. 24013642
catherine@hmglawfirm.com
John B. Martinez
State Bar No. 24010212
john@hmglawfirm.com
T. Christopher Pinedo
State Bar No. 00788935
cpinedo@hmglawfirm.com
Marion Reilly
State Bar No. 24079195
marion@hmglawfirm.com

**HILLIARD MUÑOZ GONZALES LLP**
719 S. Shoreline Boulevard
Suite 500
Corpus Christi, TX 78401
Telephone No.: (361) 882-1612
Facsimile No.: (361) 882-3015
**ATTORNEYS FOR PLAINTIFF-APPELLEE**

18

## RULE 9.4(I) CERTIFICATION

In compliance with the Texas Rules of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 4,309.

/s/ Marion M. Reilly
Marion M. Reilly

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff-Appellee's Brief was served via the electronic filing system on the following:

Diana L. Faust
Cooper & Scully, P.C.
900 Jackson St. #100
Dallas, TX 75202

Richard Wager
Patterson and Wagner
7550 I-10 West, Suite 500
San Antonio, TX 78229

Mr. Richard C. Woolsey
Woolsey and Associates
555 N. Carancahua, Suite 1101
Corpus Christi, Texas 78401

/s/ Marion M. Reilly
Marion M. Reilly