

**NUMBER 13-15-00058-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**STEFAN KONASIEWICZ, M.D.,**                                   **Appellant,**

**v.**

**DARLENE GARZA,**                                              **Appellee.**

---

**On appeal from the County Court at Law No. 1
of Nueces County, Texas.**

---

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

DR. MATHEW ALEXANDER, M.D.,
INDIVIDUALLY AND AS PRESIDENT
OF SOUTH TEXAS BRAIN AND
SPINE CENTER,                                                Appellant,

v.

DARLENE GARZA,                                               Appellee.

---

**On appeal from the County Court at Law No. 1
of Nueces County, Texas.**

---

# NUMBER 13-15-00060-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**STEFAN KONASIEWICZ, M.D.,**                                    **Appellant,**

**v.**

**JUAN GARZA,**                                    **Appellee.**

---

**On appeal from the County Court at Law No. 1
of Nueces County, Texas.**

---

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DR. MATHEW ALEXANDER, M.D.,
INDIVIDUALLY AND AS PRESIDENT
OF SOUTH TEXAS BRAIN AND
SPINE CENTER,                                                    Appellant,

v.

JUAN GARZA,                                                      Appellee.

## On appeal from the County Court at Law No. 1
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Longoria

Dr. Stefan Konasiewicz, M.D., and Dr. Mathew Alexander, M.D., individually and

as president of the South Texas Brain and Spine Center, appeal the trial court's orders

denying their motions to dismiss for failure to timely serve the expert report required by

Chapter 74 of the Texas Civil Practice and Remedies Code.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West, Westlaw through Chapter 46, 2015 R.S.). We affirm in part and reverse and remand in part.

## I. BACKGROUND

Appellees Juan Garza and Darlene Garza separately sought treatment for back pain at the South Texas Brain and Spine Center. Dr. Konasiewicz performed surgery on both appellees. After allegedly experiencing injuries and negative complications as a result of the surgeries, appellees filed suit in County Court at Law No. 1 of Nueces County against Dr. Konasiewicz and Dr. Alexander.[2] Appellees alleged that Dr. Konasiewicz was negligent and grossly negligent in performing the surgeries and that Dr. Alexander was negligent and grossly negligent in hiring him and permitting him to operate on appellees. Appellees filed their original petition on June 19, 2012, and their First Amended Petition on June 27, 2012. Under the law in effect at the time, the deadline to serve the expert report was October 18, 2012, 120 days after the date appellees filed their original petition. *See* Act of June 17, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. 74.351(a)).

### A. Service of Dr. Konasiewicz

---

[1] We have removed South Texas Brain and Spine Center from the style of the case because appellees nonsuited the Center after the appellants filed their notice of appeal. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam) (observing that a nonsuit has the effect of "rendering the merits of the case moot"). Appellees also asserted but nonsuited claims against Dr. Melissa Macias, M.D. and Christus Spohn Health System d/b/a Christus Spohn Hospital Corpus Christi – Shoreline. None of the nonsuited defendants are parties to this appeal.

[2] Pedro Lomas, another patient of Dr. Konasiewicz at the South Texas Brain and Spine Center, filed suit against Dr. Konasiewicz and Dr. Alexander in the County Court at Law No. 3 of Nueces County. Dr. Alexander and Dr. Konasiewicz appealed the trial court's orders denying their motions to dismiss on identical grounds as the motions in this case. We dispose of those appeals in a separate opinion because the records of the hearings are distinct. *See Konasiewicz v. Lomas,* Nos. 13-15-00062-CV, 13-15-00063-CV, 2015 WL _____ (Tex. App.—Corpus Christi July 30, 2015, no pet. h.) (mem. op.).

Appellees had difficulty serving Dr. Konasiewicz with the lawsuit. Appellees obtained a motion for substituted service permitting appellees to serve Dr. Konasiewicz by mail at three possible addresses. *See* TEX. R. CIV. P. 106. By October 17, 2012, the last day of the 120-day period, Dr. Konasiewicz had not yet answered appellees' lawsuit. Appellees' counsel decided to serve an expert report on Dr. Konasiewicz by mailing copies of it to all three addresses mentioned in the order for substituted service. Nicole Porter Stoner, a paralegal at the law firm representing appellees, later averred in an affidavit that:

> On October 17, out of an abundance of precaution, we mailed the Chapter 74 expert report to Dr. Konasiewicz at the following addresses:
>
> a. Stefan Konasiewicz
> 1227 3rd St.
> Corpus Christi, Texas 78404-2196
>
> b. Stefan Konasiewicz
> 1400 Ocean Dr. Apt. 904C
> Corpus Christi, TX 78404-2196
>
> c. Stefan Konasiewicz
> William Beaumont
> Army Medical Center
> 5005 N. Piedras St.
> El Paso, Texas 79920

Dr. Konasiewicz filed an original answer and jury demand on November 16, 2012 and, on November 21, 2012, objections and a motion to dismiss for untimely service of appellees' expert report. Dr. Konasiewicz argued that he produced evidence that demonstrated the report was actually mailed on October 18, 2012. The trial court held a hearing on Dr. Konasiewicz's motion to dismiss at which Stoner testified that she mailed the reports on October 17, 2012 via certified mail, postpaid, by enclosing them in properly-addressed letters and depositing them into the outside box of the Nueces Bay Boulevard

6

Post Office in Corpus Christi, Texas. Each envelope contained a letter to Dr. Konasiewicz that was also dated October 17, 2012. However, neither the reports nor the accompanying letters contained a certificate of service. *See* Tᴇx. R. Cɪv. P. 21a. In response, Dr. Konasiewicz introduced the certified mail envelopes in which Stoner mailed the expert reports and which had legible tracking numbers. Dr. Konasiewicz also introduced the track and confirm reports from the United States Postal Service (USPS) website for those same tracking numbers. Each track and confirm report reflected that the envelopes bearing those tracking numbers were "accepted" by the post office in Portland, Texas, on October 18, 2012. The trial court ended the hearing and took the matter under advisement.

At a second hearing on the motions to dismiss, Dr. Konasiewicz introduced into evidence an affidavit from Tim Birrenkott, a USPS supervisor of customer service. Birrenkott averred that after reviewing Stoner's affidavit, her testimony at the previous hearing, the certified mail envelopes in which Stoner mailed the expert reports, and the track and confirm reports for those envelopes, he concluded that: (1) the track and confirm reports indicate that the expert reports were not mailed from any box in the Nueces Bay Boulevard Post Office but were instead mailed from Portland, Texas; (2) the reports were mailed on October 18, 2012, and not October 17, 2012; and (3) the certified mail envelopes must have been handed directly to a post office employee and not placed in a box to be mailed.

### B. Service of Dr. Mathew Alexander

The trial court considered Dr. Alexander's motion to dismiss at the same two hearings that it considered Dr. Konasiewicz's motion. Dr. Alexander argued in his motion

that service of the report was untimely because it was faxed it to him after 5:00 p.m. on October 17, 2012. Texas Rule of Civil Procedure 21a provides that a document transmitted by fax after 5:00 p.m. is deemed received the following day. TEX. R. CIV. P. 21a(b)(2).

Appellees responded that service was timely because October 18, 2012 was within 120 days of the date they filed their First Amended Petition. Appellees reasoned that the 120-day period ran from the First Amended Petition because they did not name Dr. Alexander in their Original Petition. They argued that the Original Petition referred to a "Dr. Lamar Alexander" instead of to Dr. Mathew Alexander. Appellees argued in the alternative that the trial court should recognize a due diligence exception for service of an expert report and hold that service of Dr. Alexander was timely in this case.

## C. Ruling

The trial court issued an order denying Dr. Alexander's motion to dismiss and a separate order overruling Dr. Konasiewicz's objections to the report and denying his motion to dismiss. The trial court entered the following identical findings of fact and conclusions of law in each case:

### Findings of Fact

1. On June 19, 2012, Plaintiff filed his Original Petition and Requests for Disclosure.

2. Under Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff has 120 days from June 19, 2012 to serve the party defendants named in Plaintiff's Original Petition with an expert report; 120 days from June 19, 2012 was October 17, 2012.

3. In his Original Petition, Plaintiff did not name Dr. Mathew Alexander as a party to the suit: Plaintiff did not assert a cause of action against Dr. Mathew Alexander in his Original Petition nor did Plaintiff list Dr. Mathew Alexander as a defendant in the style of the case for his Original Petition.

8

4. Plaintiff then filed his First Amended Petition on June 27, 2012. Plaintiff's First Amended Petition named Dr. Mathew Alexander individually and as President [of] South Texas Brain and Spine Center as a party to the suit; the First Amended Petition alleged facts and causes of action against Dr. Mathew Alexander and listed him as a defendant in the style of the case. June 27, 2012 was the first time Plaintiff sued and brought a cause of action against Defendant Dr. Mathew Alexander.

5. Under Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff had 120 days from June 27, 2012 to serve Dr. Mathew Alexander with an expert report; 120 days from June 27, 2012 was October 25, 2012.

6. On October 17, 2012, Plaintiff timely served his Chapter 74 expert report, a report by Dr. Martin Barrash, on Defendant Stephen Konasiewicz by depositing it into the mail at the United States Post Office at 809 Nueces Boulevard, Corpus Christi, TX 7849. The expert report was served on Dr. Konasiewicz postage paid by certified mail, return receipt requested.

7. Plaintiff has provided an affidavit of Nicole Stoner dated May 3, 2013, and the testimony of Nicole Stoner at the May 8, 2013, hearing confirming service of the Chapter 74 expert report on Defendant Konasiewicz by depositing the same with the United States Postal Service postage paid on October 17, 2012. The Stoner Affidavit and testimony are *prima facie evidence* that Plaintiff's Chapter 74 expert report was served on Dr. Stephen Konasiewicz on October 17, 2012, which is within the 120-day deadline established by TEX. CIV. PRAC. & REM. CODE § 74.351 for service of expert reports. *McQuade v. Berry*, 2012 Tex. App. Lexis 10065 (Tex. App.—Fort Worth 2012, no pet.) (the patient's certificate of service constituted *prima facie* evidence that he served the expert report on the dentist). The May 21, 2014, affidavit from Tim Bierrenkott, proffered by Defendant Dr. Stephen Konasiewicz, does not obligate a finding that the *prima facie* presumption has been overcome. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (stating that to establish an abuse of discretion on a trial court's resolution of a factual issue, a party must show that the "trial court could reasonably have reached only one decision").

8. Plaintiff timely served Dr. Mathew Alexander with Plaintiff's Chapter 74 expert report via facsimile on October 17, 2012, at approximately 6:28 p.m. Plaintiff had until October 25, 2012 to serve an expert report on Defendant Dr. Mathew Alexander, and his service of his expert report via facsimile on October 17, 2012, was therefore timely.

9. On October 31, 2012, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center and South Texas Brain and Spine Center moved to dismiss Plaintiff's action, alleging that Plaintiff's Chapter 74 expert report was legally insufficient. Plaintiff filed a response on May 1, 2013.

10. On November 28, 2012, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center filed and served a Second Motion to Dismiss addressing the timeliness of Plaintiff's Chapter 74 expert report. Plaintiff filed a response on May 1, 2013, and filed [a] supplemental response on May 3, 2013. On May 8, 2013, Defendants filed their Reply in support of their Motion.

11. On November 16, 2012, Defendant Dr. Stephen Konasiewicz filed his objections to Plaintiff's expert report pursuant to Texas Civil Practice and Remedies Code § 74.351 *et seq.* On May 3, 2013, Plaintiff filed his Response to Defendant Dr. Stephen Konasiewicz's Objections.

12. On May 8, 2013, the Court conducted a hearing and received evidence on the Motion to Dismiss and the Objections. The hearing was limited to Defendants' complaints concerning the timeliness of Plaintiff's Chapter 74 expert report. The Court took the matter under advisement.

13. On July 8, 2014, Defendant Dr. Stephen Konasiewicz filed a supplemental brief in support of his objections to Plaintiff's expert's report pursuant to Texas Civil Practice and Remedies Code § 74.351 *et seq.*, to which Plaintiff responded on January 2, 2015.

14. On July 9, 2014, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine center, filed and served a Supplemental briefing in Support of this Second Motion to Dismiss. Plaintiff filed his Response to Defendants' Supplemental Brief in Support of Second Motion to Dismiss on January 2, 2015.

15. On January 6, 2015, the Court conducted another hearing on the Motions to Dismiss and the Objections. The hearing was again limited to Defendants' complaints concerning the timeliness of service of Plaintiff's Chapter 74 expert reports.

16. On January 8, 2015, this Court overruled Dr. Stephen Konasiewicz's Objections to the timeliness of Plaintiff's Chapter 74 expert report and denied Defendants' Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas

10

Brain and Spine Center, Motion to Dismiss based on the alleged untimely service of the report.

## Conclusions of Law

17. Plaintiff served his Chapter 74 report, by certified mail, on Defendant Dr. Stephen Konasiewicz[] by depositing it into the mail on October 17, 2012, in accordance with Texas Rule of Civil Procedure 21a. When a document is served by certified mail, service is "complete upon deposit of the paper, enclosed in a postpaid addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.—Eastland 2005, pet. denied) (emphasis added).

18. Plaintiff served his Chapter 74 report on Defendant Dr. Mathew Alexander within the 120-day deadline mandated by Texas Civil Practice and Remedies Code Section 74.351(a) because the operative pleading asserting a cause of action against Dr. Mathew Alexander was Plaintiff's First Amended Petition. *Hayes v. Carroll*, 314 S.W.3d 494 (Tex. App.—Austin 2010, no pet.) (reasoning that if a defendant has not been added to a case, there has yet to be a lawsuit filed against that defendant).

19. This Court's rulings are subject to review under an abuse of discretion standard. *McQuade v. Berry*, 2012 Tex. App. LEXIS 10065 (Tex. App.—Fort Worth 2012, no pet.).

Dr. Konasiewicz and Dr. Alexander appealed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(10) (West, Westlaw through Chapter 46, 2015 R.S.). Only appellants' second motions, those challenging the timeliness of the report, are at issue in these appeals. We address all four appeals together in one opinion because the factual and legal issues are related. *See* TEX. R. APP. P. 47.1.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision on a motion to dismiss a health care liability claim for abuse of discretion. *See Am. Transitional Care Centers of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex. 2001). The trial court abuses its discretion when it acts without reference to guiding rules or principals or "when it renders an arbitrary and unreasonable

decision lacking support in the facts or circumstances of the case." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (citations omitted). Under this standard, legal and factual sufficiency challenges are not independent grounds of review but relevant factors for us to consider in deciding whether the trial court abused its discretion.[3] *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 445 (Tex. 1997); *Goodson v. Castellanos*, 214 S.W.3d 741, 756 (Tex. App.—Austin 2007, pet. denied). We will find an abuse of discretion in the trial court's resolution of factual matters only if the record is such "that the trial court could reasonably have reached only one decision." *RGV Healthcare Assocs., Inc. v. Estevis*, 294 S.W.3d 264, 269 (Tex. App.—Corpus Christi 2009, pet. denied) (citing and quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). There is no abuse of discretion if the trial court "bases its decision on conflicting evidence and some evidence supports its decision." *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *see Goodson*, 214 S.W.3d at 756. Conversely, we review the trial court's conclusions of law or the application of law to the facts *de novo*. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011). Statutory interpretation is a question of law that we review *de novo*. *San Antonio Extended Med. Care, Inc. v. Vasquez*, 327 S.W.3d 193, 196 (Tex. App.—San Antonio 2010, no pet.).

Section 74.351(a) of the Texas Civil Practice and Remedies Code requires the plaintiff in a health care liability case to serve on each party an expert report demonstrating that the plaintiff's claim has merit. *See* TEX. CIV. PRAC. & REM. CODE ANN.

---

[3] Evidence is legally sufficient if it "would enable reasonable and fair-minded people to differ in their conclusions." *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). A ruling is supported by factually insufficient evidence if it "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Goodson v. Castellanos*, 214 S.W.3d 741, 756 (Tex. App.—Austin 2007, pet. denied).

§ 74.351. The version of section 74.351 applicable at the time appellees filed their case required the plaintiff to serve an expert report within 120 days of the date the plaintiff filed the original petition.[4] *See* Act of June 17, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. 74.351(a)). Whether service satisfies the requirements of section 74.351 of the Texas Civil Practice and Remedies Code is a question of law, but we defer to the trial court's resolution of disputed factual matters if its decision is supported by the record. *See Zanchi v. Lane*, 349 S.W.3d 97, 99 (Tex. App.—Texarkana 2011) ("When the facts are not in dispute, the question of whether service satisfied the requirements of Section 74.351(a) is a purely legal question."), *aff'd,* 408 S.W.3d 373 (Tex. 2013). If a plaintiff fails to timely file an expert report, the trial court has no discretion to do anything but grant a motion to dismiss. *Ogletree v. Matthews*, 262 S.W.3d 316, 320 (Tex. 2007).

The requirement that the plaintiff timely "serve" the report on the defendant within 120 days requires the plaintiff to comply with rule 21a of the Texas Rules of Civil Procedure. *Fulp v. Miller*, 286 S.W.3d 501, 510 (Tex. App.—Corpus Christi 2009, no pet.); *Goforth v. Bradshaw*, 296 S.W.3d 849, 853 (Tex. App.—Texarkana 2009, no pet.); *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 872 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Rule 21a authorizes four methods of service: (1) delivery in person, by agent, or courier-receipted delivery; (2) certified or registered mail; (3) telephonic document transfer; or (4) "such other manner as the court in its discretion may direct." TEX. R. CIV. P. 21a. Rule 21a provides that service is deemed complete

---

[4] The current version of section 74.351 provides that the 120-day deadline begins on the date that each defendant filed their original answer. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West, Westlaw through Chapter 46, 2015 R.S.).

13

"upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service." *Id.* A certificate of service, return of the officer, or affidavit of "any person" showing service is *prima facie* evidence of service. *Id.*; *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam).

### III. DR. KONASIEWICZ'S ISSUE

By his sole issue, Dr. Konasiewicz challenges the sufficiency of the evidence supporting findings of fact numbers six and seven and conclusion of law number seventeen. We conclude that even though the trial court erred when it found that appellees produced *prima facie* evidence of service, the trial court did not abuse its discretion when it credited appellees' evidence over Dr. Konasiewicz's evidence. We reproduce the challenged findings and conclusions for reference:

6. On October 17, 2012, Plaintiff timely served his Chapter 74 expert report, a report by Dr. Martin Barrash, on Defendant Stephen Konasiewicz by depositing it into the mail at the United States Post Office at 809 Nueces Boulevard, Corpus Christi, TX 7849. The expert report was served on Dr. Konasiewicz postage paid by certified mail, return receipt requested.

7. Plaintiff has provided an affidavit of Nicole Stoner dated May 3, 2013, and the testimony of Nicole Stoner at the May 8, 2013, hearing confirming service of the Chapter 74 expert report on Defendant Konasiewicz by depositing the same with the United States Postal Service postage paid on October 17, 2012. The Stoner Affidavit and testimony are *prima facie evidence* that Plaintiff's Chapter 74 expert report was served on Dr. Stephen Konasiewicz on October 17, 2012, which is within the 120-day deadline established by TEX. CIV. PRAC. & REM. CODE § 74.351 for service of expert reports. *McQuade v. Berry*, 2012 Tex. App. Lexis 10065 (Tex. App.—Fort Worth 2012, no pet.) (the patient's certificate of service constituted *prima facie* evidence that he served the expert report on the dentist). The May 21, 2014, affidavit from Tim Bierrenkott, proffered by Defendant Dr. Stephen Konasiewicz, does not obligate a finding that the *prima facie* presumption has been overcome. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (stating that to establish an abuse of discretion on a trial court's resolution of a factual issue, a party must show that the 'trial court could

14

reasonably have reached only one decision').

. . . .

17. Plaintiff served his Chapter 74 report, by certified mail, on Defendant Dr. Stephen Konasiewicz[] by depositing it into the mail on October 17, 2012, in accordance with Texas Rule of Civil Procedure 21a. When a document is served by certified mail, service is "complete upon deposit of the paper, enclosed in a postpaid addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.— Eastland 2005, pet. denied) (emphasis added).

## A. Is Stoner's Affidavit *Prima Facie* Evidence of Service?

Finding of fact number seven recites that the "Stoner Affidavit and testimony are *prima facie* evidence that Plaintiff's Chapter 74 expert report was served on Dr. Stephen Konasiewicz on October 17, 2012, which is within the 120-day deadline established by TEX. CIV. PRAC. & REM. CODE § 74.351 for service of expert reports." However, oral testimony is not among the items that Texas Rule of Civil Procedure 21a specifies serve as *prima facie* evidence of service. *See* TEX. R. CIV. P. 21a (providing that a certificate of service, the return of the officer, or an affidavit of any person showing service is *prima facie* evidence of service); *see also Mathis*, 166 S.W.3d at 745 (holding that counsel's oral testimony that documents were properly served was not prima facie proof of service). If appellees provided *prima facie* evidence of service, it must have come from Stoner's affidavit. *See Mathis*, 166 S.W.3d at 745. Stoner averred in her affidavit that she mailed the reports to Dr. Konasiewicz at the three addresses on October 17, 2012, but she did not assert or certify in the affidavit that she served the reports in compliance with Texas Rule of Civil Procedure 21a. Stoner's affidavit does not reflect that Dr. Konasiewicz was served via certified or registered mail, that the envelopes were postpaid, or that the report was served on Dr. Konasiewicz by another approved method. Without such information,

15

Stoner's affidavit does not "show[] service" compliant with Texas Rule of Civil Procedure 21a and thus does not rise to the level of prima facie evidence that Dr. Konasiewicz was served on October 17, 2012. *See* TEX. R. CIV. P. 21a; *see also Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 459 (Tex. App.—Austin 2006, no pet.) (holding that service by regular mail of an expert report did not comply with Texas Rule of Civil Procedure 21a and, therefore, the plaintiff did not serve the expert report within the 120-day period); *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.—Eastland 2005, pet. denied) (same). The trial court abused its discretion to the extent that it held to the contrary. However, the failure of the affidavit to rise to the level of *prima facie* proof does not mean that the trial court was barred from finding that appellees complied with Texas Rule of Civil Procedure Rule 21a when they served the expert report on Dr. Konasiewicz. *See Ne. Tex. Staffing v. Ray*, 330 S.W.3d 1, 5 (Tex. App.—Texarkana 2010, no pet.) (observing that the absence of *prima facie* proof of service "does not prevent a party from establishing that service was conducted" in compliance with Texas Rule of Civil Procedure 21a).

### B. Did the Trial Court Abuse its Discretion by Finding that Appellees Established Service?

Stoner asserted in her affidavit and testimony that she mailed the expert report via certified mail in postpaid envelopes. Each envelope was addressed to one of the three addresses for Dr. Konasiewicz mentioned in the order for substituted service. *See* TEX. R. CIV. P. 21a. Stoner further testified that she deposited these envelopes in the outside box of the Nueces Bay Boulevard Post Office on October 17, 2012, the last day of the 120-day period. To refute Stoner's affidavit and testimony Dr. Konasiewicz introduced: (1) the certified mail envelopes in question which retained visible tracking numbers; (2)

16

track and confirm reports from the USPS website reflecting that each certified letter was "accepted" in the afternoon of October 18, 2012 at the post office in Portland, Texas; and (3) an affidavit from Tim Birrenkott, a USPS employee. Birrenkott's affidavit reads in relevant part as follows:

I am currently employed by the United States Postal System. I have been employed with the United States Postal System for 24 years. My current position/title is Supervisor Customer Service Support. In making this Affidavit, I have reviewed the following:

1) Exhibit A- Three (3) Affidavits of Nicole Porter Stoner;

2) Exhibit B- Transcript excerpt dated May 8, 2013;

3) Exhibit C- Correspondence with CMRRR Label #s: 7011 0470 0003 1906 3604; 7011 0470 0003 1906 3567 (Juan Garza); 7010 1870 0000 7687 9603; 7011 0470 0003 1906 3598 (Darlene Garza); 7010 1870 0000 7687 9610; (Pedro Lomas)

4) Exhibit D- USPS.com Track & Confirm internet and e-mail responses to inquiries for the certified mail label #s referenced in Exhibit C above."

Based upon my review, the five (5) certified mail items referenced in Exhibit C were not deposited on October 17, 2012 in any mailbox at the main post office located at 809 Nueces Bay Boulevard in Corpus Christi, Texas, 78469. From my review, the above-referenced certified mail items were tendered into the U.S. Mail at the Portland, Texas post office branch inside the post office on October 18, 2012 at 4:13 PM. The items would have had to be handed by the customer to an employee of the Portland post office. Any certified mail item deposited at the main post office would be recorded and reported by the 'Track and Confirm' system as scanned and 'accepted' at the main post office at 809 Nueces Bay Boulevard, Corpus Christi, Texas. The post office in Portland, Texas stays open until 4:30 PM.

We agree with appellees that the trial court did not abuse its discretion by crediting Stoner's affidavit and testimony over Dr. Konasiewicz's evidence. The trial court does not err in resolving factual matters committed to its discretion unless the record shows that it could reasonably have reached only one result. *See Unifund CCR Partners*, 299

17

S.W.3d at 97. Stoner's affidavit and testimony and Birrenkott's affidavit and the track and confirm reports are evidence of the date appellees served Dr. Konasiewicz with the expert report. Although Dr. Konasiewicz's rebuttal evidence is substantial, the trial court was not required to credit it because Stoner's affidavit and testimony is "some evidence" that supports the contrary conclusion. *See id.* We hold that the trial court did not abuse its discretion by crediting Stoner's affidavit and testimony over the contrary evidence introduced by Dr. Konasiewicz. *See id.*

Deferring to the trial court's resolution of the parties' factual disputes, as we must, the facts as the trial court found them show that appellees served Dr. Konasiewicz on October 17, 2012 by certified mail postpaid, a means of service authorized by Texas Rule of Civil Procedure 21a. Thus, service of the expert report on Dr. Konasiewicz was complete on that date, the last day of the 120-day period to serve the expert report. *See* TEX. R. CIV. P. 21a. We hold that conclusion of law number seventeen was not legally erroneous. We overrule Dr. Konasiewicz's issue.

## IV. DR. ALEXANDER'S ISSUE

By his sole issue, Dr. Alexander argues that findings of fact numbers three, four, five, and eight and conclusion of law number eighteen are supported by legally and factually insufficient evidence. We agree. We reproduce the challenged findings and conclusion for reference:

3. In his Original Petition, Plaintiff did not name Dr. Mathew Alexander as a party to the suit: Plaintiff did not assert a cause of action against Dr. Mathew Alexander in his Original Petition nor did Plaintiff list Dr. Mathew Alexander as a defendant in the style of the case for his Original Petition.

4. Plaintiff then filed his First Amended Petition on June 27, 2012. Plaintiff's First Amended Petition named Dr. Mathew Alexander individually and as President [of] South Texas Brain and Spine Center

18

as a party to the suit; the First Amended Petition alleged facts and causes of action against Dr. Mathew Alexander and listed him as a defendant in the style of the case. June 27, 2012 was the first time Plaintiff sued and brought a cause of action against Defendant Dr. Mathew Alexander.

5. Under Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff had 120 days from June 27, 2012 to serve Dr. Mathew Alexander with an expert report; 120 days from June 27, 2012 was October 25, 2012.

. . . .

8. Plaintiff timely served Dr. Mathew Alexander with Plaintiff's Chapter 74 expert report via facsimile on October 17, 2012, at approximately 6:28 p.m. Plaintiff had until October 25, 2012 to serve an expert report on Defendant Dr. Mathew Alexander, and his service of his expert report via facsimile on October 17, 2012, was therefore timely.

. . . .

18. Plaintiff served his Chapter 74 report on Defendant Dr. Mathew Alexander within the 120-day deadline mandated by Texas Civil Practice and Remedies Code Section 74.351(a) because the operative pleading asserting a cause of action against Dr. Mathew Alexander was Plaintiff's First Amended Petition. *Hayes v. Carroll*, 314 S.W.3d 494 (Tex. App.—Austin 2010, no pet.) (reasoning that if a defendant has not been added to a case, there has yet to be a lawsuit filed against that defendant).

Dr. Alexander argues that the challenged findings of fact are supported by legally and factually insufficient evidence because appellees actually named him in the Original Petition: the Original Petition correctly named him as Dr. Mathew Alexander in the section listing the parties to the lawsuit and also correctly named him as the registered agent for service of process of the South Texas Brain and Spine Center. Appellees respond that: (1) the 120-day period runs from the first petition that "asserted a health care liability claim" against Dr. Alexander, which was the First Amended Petition; (2) the common law concept of misnomer does not apply in this context; and (3) we should apply the concept

19

of due diligence associated with Texas Rule of Civil Procedure 21a and hold that appellees timely served the expert report on Dr. Alexander.

### A. Did the Original Petition Misname Dr. Alexander?

Section 74.351 requires a plaintiff asserting health care liability claims to serve on each "party" or that party's attorney an expert report for each physician or health care provider whose conduct is implicated by the lawsuit. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. In *Zanchi*, the Texas Supreme Court explained that a defendant becomes a "party" for these purposes when they are named in a petition and not on the date they receive service or otherwise appear in the lawsuit. 408 S.W.3d at 377–78. Dr. Alexander asks us to apply the common-law doctrine of misnomer to address the legal effect of a plaintiff suing the intended defendant but misnaming him in the original petition. *See In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam) (discussing the concepts of misnomer and misidentification and their effect on the running of the statute of limitations).

Appellees contest that the doctrine of misnomer is applicable, but we need not resolve their dispute because we disagree that a misnomer occurred here. "A misnomer occurs when a party misnames itself or another party, but the correct parties are involved." *Id.* While appellees' Original Petition misnamed Dr. Alexander in the style of the case and in the section setting out the causes of action, it correctly named Dr. Mathew Alexander in the list of parties. Moreover, the portion of the petition asserting causes of action against "Dr. Lamar Alexander" always refers to him in connection with South Texas Brain and Spine Center. There is no evidence that there was a "Dr. Lamar Alexander" at South Texas Brain and Spine Center such that the Original Petition would not have given

20

Dr. Alexander advance notice that he was the subject of appellees' lawsuit. *See Zanchi*, 408 S.W.3d at 378 (observing that interpreting "party" as someone who is named in a lawsuit "gives the defendant advance notice of the pending lawsuit and the alleged conduct at issue").

Appellees attach great significance to the misnaming of Dr. Alexander in the Original Petition's style of the case and in the assertions of the cause of action, but they have presented no authority that those portions of a petition are particularly significant.[5] When determining who is being sued courts look at the pleading as a whole. *See Nolan v. Hughes*, 349 S.W.3d 209, 212 (Tex. App.—Dallas 2011, no pet.); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied). Viewing the Original Petition as a whole, we find no support in the record for the trial court's finding of fact that Dr. Mathew Alexander was not named within it. We conclude that the trial court's resolution of this factual dispute in appellees' favor was an abuse of discretion. And because Dr. Alexander was named within the Original Petition, the trial court's conclusion of law that appellees served Dr. Alexander with their expert report within the 120-day period was legally erroneous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *Ogletree*, 262 S.W.3d at 320.

## B. Is There a Due Diligence Exception to the 120-day Deadline?

Appellees argue that we should extend the due diligence exception to the context of expert reports and hold that appellees' service of Dr. Alexander was timely. The Texas

---

[5] Appellees cite a series of cases where this Court and others concluded that the 120-day period began to run as to a particular defendant on the date the plaintiff filed its first petition naming that defendant. *E.g., Padre Behavioral Health Sys., LLC v. Chaney*, 310 S.W.3d 78, 85 (Tex. App.—Corpus Christi 2010, no pet.). Those cases are inapplicable because each involved the addition of a completely new defendant in an amended petition. *See id.* None arose from facts where a plaintiff partially or wholly misnamed the party it intended to sue.

Supreme Court has explained that, in general, a timely-filed suit does not affect the running of the statute of limitations unless the plaintiff exercises due diligence in issuing and serving citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam). If a plaintiff files suit before limitations expires but does not serve the defendant until afterwards, "the date of service will relate back to the date of filing" if the plaintiff exercised due diligence in effecting service. *Id.* Appellees argue that just as diligence in serving and issuing process tolls the running of the statute of limitations, diligence in serving an expert report should also interrupt the running of the 120-day period to serve an expert report. *See Stockton*, 336 S.W.3d at 616 (declining to decide whether due diligence could interrupt the 120-day period because the facts of the case ruled out diligence as a matter of law). Dr. Alexander responds that this argument is waived because appellees did not request findings of fact to support the judgment on this ground. *See* TEX. R. CIV. P. 299. Dr. Alexander further argues that even if this argument is not waived, there is no due diligence exception to the requirement that the plaintiff in a health care liability case serve the expert report within 120 days.

We agree with Dr. Alexander that we may not sustain the trial court's order on this basis.[6] When a trial court files findings of fact, these findings "shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact." TEX. R. CIV. P. 299; *see Nguyen v. Nguyen*, 355 S.W.3d 82, 92 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). We may not extend an express finding of fact by implication to cover any

---

[6] We express no opinion on whether a plaintiff's diligence in serving an expert report can excuse untimely service.

22

"independent grounds of defense" and courts "cannot extend [express findings] to cover further independent issuable facts." *Intec Sys., Inc. v. Lowrey*, 230 S.W.3d 913, 919 (Tex. App.—Dallas 2007, no pet.) (citing *F. R. Hernandez Const. & Supply Co., Inc. v. Nat'l Bank of Commerce of Brownsville*, 578 S.W.2d 675, 679 (Tex. 1979)); *see Nguyen*, 355 S.W.3d at 92.

The Texas Supreme Court has explained that when assessing diligence:

> the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served. Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service.

*Proulx*, 235 S.W.3d at 216 (citations omitted). The trial court made no findings on whether appellees acted as an ordinary and prudent person would in similar circumstances, the time it took to serve Dr. Alexander, or the type of effort or lack of effort appellees expended in attempting to serve him. If anything, the trial court's express findings rule out any implied findings of due diligence because the concept of due diligence assumes that service occurred after an applicable deadline. In this case, the trial court expressly found, albeit incorrectly, that appellees' service was timely. Whether appellees acted as an ordinarily prudent person would have and whether sufficient time and effort to serve Dr. Alexander were exercised are independent issuable facts that we may not imply from the trial court's express findings. *See Nguyen*, 355 S.W.3d at 92; *Intec Sys.*, 230 S.W.3d at 919. We reject appellees' arguments because we may not sustain the trial court's order on the basis of due diligence. *See Williams v. Gillespie*, 346 S.W.3d 727, 732–33 (Tex. App.—Texarkana 2011, no pet.) ("We cannot affirm the trial court's judgment based on a theory on which the trial court failed to make any of the necessary factual findings.").

23

## C. Summary

In sum, we hold that: (1) the trial court abused its discretion by finding that appellees did not name Dr. Alexander in their Original Petition; (2) the 120-day deadline began to run on the date of the Original Petition and as a result, conclusion of law number eighteen is legally erroneous; and (3) the trial court's judgment cannot be sustained on the grounds of due diligence. We sustain Dr. Alexander's sole issue.

## V. CONCLUSION

We affirm the orders of the trial court in Dr. Konasiewicz's appeals (appellate cause numbers 13-15-00058-CV and 13-15-00060-CV). We reverse the orders in Dr. Alexander's appeals and remand to the trial court with instructions to enter orders dismissing the underlying suits against Dr. Alexander and to consider Dr. Alexander's request for reasonable attorneys' fees and costs (appellate cause numbers 13-15-00059-CV and 13-15-00061-CV).


NORA L. LONGORIA
Justice


Delivered and filed the
30th day of July, 2015.

24